## CHARLESTON.

BAKER *et als. v.* WORKMAN *et al.*

Submitted March 19, 1912.    Decided May 20, 1913.

CONSTITUTIONAL LAW—*Judiciary—Legislative Powers.*

> Sections 2 and 9, chapter 47, Code (1906), do not contravene article V of the Constitution because they invest the circuit court with a discretion to determine the exact extent of territory to be included in a municipality seeking to be incorporated, and with discretion to direct the clerk to issue a certificate of incorporation therefor. *Morris v. Taylor,* 70 W. Va. 618.

Appeal from Circuit Court, Mingo County.

Bill by Lindsey Baker and others against William Workman and others. Decree for plaintiffs, and defendants appeal.

*Affirmed.*

*Marcum & Marcum,* and *Sheppard, Goodykoontz & Scherr,* for appellants.

*G. R. C. Wiles,* for appellees.

WILLIAMS, JUDGE:

On the 7th of June, 1910, the county court of Mingo county issued a license to William Workman to sell spirituous liquors at retail in the town of Kermit, in said county, without his having obtained permission therefor from said town. In July, following, Lindsey Baker and William T. Mead, citizens of the town, brought this suit to enjoin Workman from selling liquor in the town. Harry Scherr, as special commissioner, had sold the building in which the business was to be conducted to S. U. G. Rhodes, and they were made parties defendant to the bill. On the 11th of July, 1910, the judge of the circuit court of said county, in vacation, awarded a temporary injunction. After due notice to plaintiffs, defendants moved the judge, in vacation, on the 29th of July, to dissolve the injunction, and he made a vacation order refusing to dissolve it; and defendants have appealed. Workman admits that he did not obtain permission to sell liquor from the council of the town of Kermit, but avers that it was not necessary for the reason that the town was not lawfully incorporated.

If Workman was selling liquor without a proper license, he could be enjoined, on the ground that his business was a public nuisance. *Devanney* v. *Hanson,* 60 W. Va. 3. And if the town was lawfully incorporated, the county court could not license the sale of liquor within its limits without its consent, and Workman's license, issued by the county court alone, would not protect him.

The certificate of incorporation was issued to the town of Kermit by the circuit court of Mingo county on 15th December, 1909, pursuant to chapter 47 of the Code. Counsel for appellants admit that the only question presented to us for decision relates to the constitutionality of sections 2 and 9 of chapter 47, Code (1906). Section 2 was amended and re-enacted by chapter 54, Acts 1907, but the amendment did not divest the court of the discretion given it, which is the matter, as counsel contend, that renders those sections unconstitutional. Article V of the Constitution requires that executive, legislative and judicial branches of the government shall be kept separate and distinct from each other. And, because the sections of the statute in question invest the circuit courts with the discretion to determine the exact extent of the territory to be included in the municipality, and with discretion to issue the certificate of incorporation, they are, therefore, claimed by defendant to be unconstitutional.

At the time the appeal in this case was allowed, there was another case pending in this court, on appeal from the circuit court of Harrison county, which has since been decided, involving this identical question. *Morris* v. *Taylor,* 70 W. Va. 618. We there hold that the statutes in question did not contravene Article V of the Constitution, that the discretion there conferred on the circuit court was judicial and administrative, rather than legislative. We adhere to that opinion, and it controls the decision of this case. It is only necessary to refer to Judge POF-FENBARGER's opinion in that case for the reasons to support our decision in this. The two cases present the same identical question of law.

The order refusing to dissolve the injunction will be affirmed.

*Affirmed.*