# CHARLESTON.

COUNTY COURT OF MINGO COUNTY *et al.* v. R. D. BAILEY, JUDGE, *et al.*

Submitted October 7, 1924.   Decided October 14, 1924.

1.  INJUNCTION—*Courts Generally Without Power to Enjoin County Court Exercising Legislative or Governmental Functions.*

    Generally, the courts of this State have no power to control by injunction a county court in the exercise of its purely legislative or governmental functions.   (p. 355).

2.  SAME—*To Authorize Circuit Court to Enjoin County Court From Consolidating Magisterial Districts, Complainants Must Show Special Private Injury.*

    To give a circuit court jurisdiction to enjoin a county court from consolidating two magisterial districts into one, the bill must show that complainants are or will be subjected to a special injury of a private nature, as distinguished from injury which they suffer or may suffer in common with the general public.   (p. 355).

3.  PROHIBITION—*Unless Bill to Enjoin Consolidation of Magisterial Districts Shows Private Injury, Prohibition Lies to Prevent Enforcement of Decree.*

    If such jurisdictional fact be not pleaded, the court has not jurisdiction to entertain the bill, and prohibition will lie to prevent enforcement of a decree pronounced thereunder.   (p. 357).

Original proceeding in prohibition by County Court of Mingo County and others against R. D. Bailey, Judge, and others.

*Writ awarded.*

97 W. Va.

*G. R. C. Wiles,* for petitioners.
*Bias & Chafin,* for respondents.

Lively, Judge:

By this writ the County Court of Mingo County and L. G. Bray and R. L. Harris, members of the county court, seek to prohibit the Judge of the Circuit Court of that County, M. Collier, E. P. Steep, F. S. Meade and C. C. Messer from further proceeding in a chancery cause in that court pending, wherein the defendants Collier, Steep, Meade and Messer, were plaintiffs, and the petitioners here were defendants, and from taking any action to enforce a permanent injunction awarded therein; asserting that the Circuit Court did not have jurisdiction to pronounce that decree. Defendants have appeared, demurred to the petition, moved to quash the rule in prohibition, and made a return. Petitioners have demurred to the return, moved to quash it for insufficiency, and have replied generally.

The injunction suit and this proceeding in prohibition are the result of an order of the County Court entered of record on August 15, 1924, by the County Court, consolidating Warfield District and Harvey District, two of the magisterial districts of that County, into one district under the name of Harvey District. A short time thereafter plaintiffs in the injunction suit filed their bill praying a restraining order against the consolidation on several grounds hereinafter set out, and obtained a temporary injunction. The County Court appeared, demurred to the bill, which demurrer was overruled and answered. The parties went to proof, and on the hearing the Court perpetuated the injunction, ordered the County Court to expunge from its record the order of consolidation of the two districts, and to treat the same as non-existent, void and of no effect.

The amended and supplemental bill in the injunction suit is filed by plaintiffs, two of whom, Collier and Steep, as citizens and taxpayers of Warfield District; and the other two as citizens and taxpayers of Harvey District, on behalf of themselves and all other citizens and taxpayers who are similarly situated. It charges that an attempt had been

made by the County Court to inaugurate a consolidation of
the two districts as early as June 7, 1923, and on the 10th
day of July following an order of consolidation had been
actually entered or marked by the two defendant commission-
ers to be entered, but not to be spread on the record until
the 19th day of that month; that F. S. Meade and others
immediately obtained an injunction against the consolida-
tion, which injunction was afterwards dissolved and the bill
dismissed as to the County Court, but perpetuated as to Var-
ney, the Clerk, who had not then spread the order on the
record; that afterwards on August 15th, to the surprise of
these plaintiffs and many other citizens, the court met and
entered the order directing the Clerk to record the order,
although he was then prohibited, and the order was actually
spread on the records in violation of the injunction; that the
order so entered was not considered by the Court while in
session and was not the Court's order, but the unauthorized
order of the two defendant commissioners, who after the
Court had regularly adjourned on that day, had directed
and procured the Clerk to record the order as a part of the
Court's proceedings; that no notice had been posted or pub-
lished for the statutory period prior thereto giving the people
notice that consolidation would be considered or made; that
the order was null and void and of no effect.  The order of
consolidation is exhibited which fixes the boundary of the
district as consolidated, leaving the voting places therein un-
changed, abolishing the offices of justice of the peace, con-
stable and members of the board of education in Warfield
District, and providing that such officers in Harvey District
shall serve in the new district until their successors are
elected or appointed as prescribed by law; providing that the
new district shall pay off and discharge all of the indebted-
ness bonded or otherwise in the two districts, succeed to all
of the funds to the credit of each, and that uniform taxes
shall be laid on the taxable property in the new district.
The bill says that unless restrained the County Court will
carry out the order and that the taxpayers of each district as
now constituted will be required to pay the bonded and un-
funded indebtedness of both districts by a uniform rate; that
the district officers of Warfield District will become abol-

ished, all to the irreparable injury of complainants and other taxpayers; that the result will bring about inextricable confusion in the affairs of the two districts; result in unfair, illegal and inequitable taxes; will result in confusion and uncertainty, and may result in a clash between the district officers as to their respective jurisdictions; all to the irreparable wrong and injury to the citizens and taxpayers of both districts, including plaintiffs. And that unless restrained the County Court will proceed to levy taxes at a uniform rate on all the taxable property in the District of Harvey, as consolidated; that the district officers of Harvey District will assume jurisdiction over the entire district as consolidated; all to the great and irreparable injury of plaintiffs and the citizens of the two districts.

Does a court of equity have jurisdiction to entertain such bill for injunction? That is the crucial question presented. If it has, prohibition will not lie even though the court may have erroneously decided. The decree would not then be void, but voidable only; and the only way to correct it would be by appeal, and not by prohibition. On the other hand, if the court has erroneously assumed jurisdiction, then its decree is void, pronounced without jurisdiction, and its enforcement can be prevented by prohibition.

By Section 19, Chapter 39 of the Code, the Legislature has empowered the county court to consolidate two or more existing magisterial districts into one, whenever it shall deem advisable. It is clear that the power thus conferred is legislative and governmental. In Section 4, of Chapter 3, of the Code, the chapter on elections, it is provided that the county court shall give notice of its intention to increase or diminish the boundary lines of the districts, to be posted on the front door of the court house and at some public place in each district affected, and at least thirty days prior to the term of court at which the action is proposed to be taken. This requirement was evidently for the purpose of affording an opportunity to the inhabitants of the districts to appear before the county court in an advisory and helpful way, to make suggestions or voice protests; but it does not take from the county court its discretion to increase or diminish

the districts whenever it deems advisable. This court has many times decided that the circuit courts do not have jurisdiction to prevent by injunction or like process the county court from performing legislative or governmental functions; unless the action of the county court in the performance thereof has or will injure the complainant specially and not simply as a resident, injured alike with all others. The complainants in order to invoke injunctive process against the performance of such functions must suffer in some way private or personal injury. *Mann* v. *County Court*, 58 W. Va. 651; *Charleston* v. *Littlepage*, 73 W. Va. 156. In the last cited case the circuit court had enjoined the city from consideration of a franchise to a water and electric company securing to it privileges in the city streets for the purpose of laying pipe lines for service to the people and placing money obligations upon the city to pay for hydrants. The complainants sued as citizens and residents of the city and charged that the enactment of the franchise would create an unconstitutional debt on the city's inhabitants; that the propsed action of the city was ultra vires; that the charges for water were excessive and extravagant; that the franchise was perpetual and exclusive and in many other ways the people would be injured by the provisions of the franchise, if adopted; and that complainants would be injuriously affected as citizens and taxpayers. After a demurrer had been interposed the circuit court took time for consideration; whereupon the city applied for and obtained a writ of prohibition preventing the circuit court from entertaining jurisdiction of the bill. This court held that the allegations of fact contained in the bill did not confer jurisdiction on the circuit court to enjoin the proposed act of the city in performance of its governmental functions; and that, ''Ordinarily, in the absence of a statutory right of interference, a citizen must show, in addition to the illegality, an injury to himself from the illegal act peculiar and distinct from that suffered by the public in general.'' Generally a circuit court can not control governmental agencies in the exercise of their legitimate functions by injunction. *Board of Education* v. *Holt*, 51 W. Va. 435; *Moore* v. *Holt*, 55 W. Va. 507;

*Myers* v. *Circuit Court,* 64 W. Va. 444; *Langfitt* v. *County Court,* 86 W. Va. 316. There is no claim in the instant case that the county court does not have jurisdiction to consolidate the districts; the irregularity and illegality of the proceeding for that purpose is the basis of the suit. If the county court exceeds its power and attempts to do something which it has no power to do to the injury of the citizens of the county the courts may under some circumstances intervene by injunction or otherwise to prevent such action on the part of the county court. But in those instances the jurisdiction of the court commences with the lack of jurisdiction in the county court, and the circuit court can not proceed until that has been shown. In the absence of such showing the court has no power to interfere by certiorari, appeal, injunction or any other remedy. *County Court* v. *Boreman,* 34 W. Va. 87; *County Court* v. *Armstrong,* 34 W. Va. 326; *Fleming* v. *Guthrie,* 32 W. Va. 1.

On the issue as to the regularity of the entry of the consolidation order the circuit court has determined in favor of the complainants in the injunction suit; and has found that the order was entered in violation of a former injunction order and by the members of the county court while not in session. Such is the return to the rule for prohibtion. It appears that the evidence was confined solely to these matters of irregularity and illegality in the entry of the consolidation order; no evidence was taken upon the question of injury or irreparable damage to the complainants. In order to give the circuit court jurisdiction to entertain the bill for injunction it must be shown that the county court has exceeded its governmental authority, or perhaps illegally exercised it, but it must also be shown by the bill that the complainants have suffered thereby some private or personal injury not common to the general public. Do the allegations of the bill show this jurisdictional fact? The bill charges that by consolidation the affairs of the two districts will be thrown into inextricable confusion; no facts are alleged for this conclusion. If inextricable confusion would result from a consolidation it would always be ground for injunctive process even though the consolidation was legal

and all the preliminary steps had been performed by the county court. It is charged that the taxpayers of the new district will be compelled to pay by uniform levy, the debts bonded and unfunded of both districts. That situation would arise if the consolidation was legal. It is charged that the district officers of the Warfield District will be thus removed from office and will not be allowed to perform their functions. That situation would necessarily follow where districts are consolidated, and forms no basis for stopping the consolidation. The district officers are not complaining. It is charged that illegal taxes will be imposed upon the taxpayers of the new district; and finally that complainants will suffer irreparable injury. These allegations are conclusions simply and no facts are charged upon which the conclusion may be reached. What facts are charged which will make the taxes to be assessed illegal? What facts are alleged which will show irreparable injury to the complainants of any private or personal right? The injury, if any, is common to all; and this court has decided that where the injury is common to all injunction will not lie. *Mann* v. *County Court, supra.* It is not sufficient to charge irreparable injury without showing facts on which such conclusion is based. *Becker* v. *McGraw,* 48 W. Va. 539; *Pence* v. *Carney,* 58 W. Va. 296; 32 C. J., Section 543, page 329, and cases cited in the note to this section on page 330. It is clear from our decisions that governmental functions of a county court can not be controlled by injunction unless the complainants have suffered or will suffer a private or peculiar injury, an injury or wrong not common to the other citizens of the county. It is a jurisdictional fact which must be clearly pleaded before such bill can be entertained. The principle is illustrated where an unconstitutional law is brought into question and relied upon by a party who is not injured thereby. He is not allowed to attack a statute as unconstitutional *pro bono publico.* He must show that the operation of the law affects him. *Antoni* v. *Wright,* 22 Gratt. 833; 12 C. J. page 760, Sec. 177. We have come to the conclusion that this necessary jurisdictional fact, namely, that complainants are injured in some peculiar and personal right, is

not sufficiently pleaded. *County Court* v. *Boreman, Judge,* 34 W. Va. 87; *Railroad Company* v. *Town of Triadelphia,* 58 W. Va. 487. See *Roane County Court* v. *O'Brien, Judge,* 95 W. Va. 32, 122 S. E. 352, where circuit court was prohibited from entertaining bill for injunction to prevent construction of a county road.

The circuit court not having equity jurisdiction to entertain the bill because of want of necessary jurisdictional facts stated therein, is subject to the writ of prohibition, which under our statute is a writ of right and must be awarded when the inferior court has not jurisdiction of the subject matter in controversy, or having such jurisdiction, exceeds its legitimate powers. If it be questionable or debatable whether under the allegations in the pleadings a court has jurisdiction to pronounce a decree, and it erroneously decides that it has jurisdiction, then the decree is erroneous and voidable only, and is not open to collateral attack. *Simmons* v. *Yoho,* 92 W. Va. 703; *St. Lawrence Co.* v. *Holt,* 51 W. Va 352. But where the jurisdictional facts are not pleaded and want of jurisdiction is clearly ascertainable from the pleadings, the decision of the court that it has jurisdiction is made at its peril, and its action in assumption of jurisdiction consummated in a decree is void and may be attacked collaterally. It may be said that although the injunction bill does not clearly state the private injury or peculiar wrong which the consolidation would inflict upon the complainants, that the pleadings might be amended in that regard so as to give the court jurisdiction. That contention was denied in our case of *Charleston* v. *Littlepage,* 73 W. Va. 156.

The writ of prohibition will be issued.

                              *Writ awarded.*