STATE *ex rel.* W. P. BAKER, *Sheriff* v. COUNTY COURT OF TYLER COUNTY *et al.*

(No. 7324)

*and*

STATE *ex rel.* COUNTY COURT OF TYLER COUNTY *et al.* v. HONORABLE JAMES F. SHIPMAN, *Judge, et al.*

(No. 7357)

Submitted May 25, 1932. Decided June 7, 1932.

*O. J. Hill, I. M. Underwood,* and *W. J. Brennan,* for plaintiffs in error in first case and for petitioners in second case. *Willis & Ball,* for sheriff.

LIVELY, JUDGE:

These two proceedings involve a controversy between the county court on the one side and Baker, sheriff, on the other over the aggregate sum allowed to the sheriff to pay his deputies and other help for the fiscal year 1932; and will be considered together.

The sheriff filed with the county court an estimate of the amount to be allowed for the purposes above set out as provided in chapter 7, article 7, section 7, Code 1931, which estimate totalled $3,790.00. The county court allowed him $2,920.00.

The mandamus case was to compel the county court to sign a certificate of the proceedings before it culminating in the allowance of $2,920.00, with a view of perfecting an appeal by the sheriff to the circuit court, and upon hearing, the mandamus was issued. The county court obtained a writ of error from this court. Pending the writ of error, the sheriff obtained an appeal of the matter of the allowance from the circuit court, and the 6th day of June, 1932, was fixed as the time for trying the appeal, thus rendering moot the signing of the certificate commanded by the mandamus. Then the county court instituted this proceeding in prohibition alleging in its petition that the circuit court has no jurisdiction to en-

tertain the appeal; that the appeal provided for in the statute violates Article V of the constitution.

Logically, the question of law raised by the petition for prohibition should first be considered, for if the circuit court has not jurisdiction to entertain the appeal, then mandamus could not be issued to compel the making up of a record for an appeal. Mandamus will not lie to compel a vain and useless act. In other words, if the circuit court cannot entertain an appeal, proceedings to effect such appeal are without useful purpose.

The statute, 7-7-7, Code 1931, provides the procedure for fixing the amount of compensation to deputy sheriffs and other employees· by the county court, and that part of the section which provides for an appeal to the circuit court from the award of compensation is attacked as unconstitutional, and void. That part reads: ''Provided further, that any taxpayer feeling aggrieved at the allowance made by the county court to the sheriff, and any sheriff feeling that the business of his office cannot be conducted properly by the maximum allowance by the county court for office expenditures, or the number of deputies and their salaries, shall be allowed the right of appeal to the circuit court of such county for the purpose of determining the equity of such maximum allowance.'' The attack upon this part of the statute is based on Article V of the constitution. That article reads: ''The legislative, executive and judicial departments shall be separate and distinct, so that neither shall exercise the powers properly belonging to either of the others; nor shall any person exercise the powers of more than one of them at the same time, except that justices of the peace shall be eligible to the Legislature.'' A casual reading of that part of the statute above quoted shows that the circuit court has been given power to ˙ determine whether the amount allowed the sheriff is too much or too little. The court determines the ''equity'' of such maximum allowance. There is thus lodged in the circuit court the power of substituting its judgment for that of the county court in its administration of this part of the fiscal affairs of the county accorded it by

Article VIII of the constitution, which provides that the county courts shall "under such regulations as may be prescribed by law, have the superintendence and administration of the internal and police affairs of their counties * * * with authority to lay and disburse the county levies." A casual reading also shows that a judge of the circuit court is empowered to exercise the functions of a separate department of government. Can any person exercise the powers of more than one of the legislative, executive or judicial departments of the government at the same time? Article V, constitution, says no.

The question raised by the petition for prohibition and the demurrer thereto was recently before this court and carefully considered in *Hodges* v. *Public Service Commission*, 110 W. Va. 649, 159 S. E. 834, which invalidated the constitutionality of the Water Power Act of 1929, which act conferred upon the circuit court of Kanawha county, by appeal from the Public Service Commission, power to substitute its judgment for that of the commission in the matter of grants of permits to water power companies—a legislative power primarily delegated to the public service commission and the governor. The learned and logical opinion prepared by Judge Hatcher (showing much research), accentuates the purpose and wisdom of Article V of the constitution, designed to keep separate and distinct the three fundamental departments of constitutional government. The language of that opinion is so apropos that it may be well to repeat it here, for it condemns the attempt of the statute under consideration to empower the circuit court to exercise the proper functions of the legislative or executive departments. The opinion (p. 653) says:

> "We are aware that section 12 of article VIII confers on circuit courts 'such other jurisdiction, whether supervisory, original, appellate or concurrent, as is or may be prescribed by law'; and that by reason of this clause, this court has upheld enactments imposing on circuit courts jurisdiction in such legislative matters as the valuation of property for taxation (on appeal) and the incorporation

of towns. See *Mackin* v. *County Court,* 38 W. Va. 338, 38 S. E. 632, and *In re Union Mines,* 39 W. Va. 179, 182, 19 S. E. 398, in which the court said: 'In discharging these functions the circuit court * * * acts as a part of the legislative branch of the government under the express authority of the constitution.' The phrase 'other jurisdiction' in section 12 is general. The inhibition in article V against the exercise of dual authority is specific. Recognizing the force of that inhibition, this court said that it 'necessarily follows' if an act 'in any degree requires the circuit court to exercise legislative powers, it is to that extent void.' *Sheppherd* v. *Wheeling,* 30 W. Va. 479, 481, 4 S. E. 635. So, instead of special authority for, the constitution affords express authority against the circuit court becoming a legislative branch. *In re Union Mines* overlooks both the positive inhibition in article V and the entire constitutional design to separate the powers of government, as set forth in articles V, VI, VII and VIII. Prior to the words 'other jurisdiction', section 12 mentions certain proceedings and cases in which circuit courts shall have jurisdiction, which the context clearly shows is judicial jurisdiction. No intimation is given there or elsewhere that circuit courts may assume the duties of another department, either as subordinates or supervisors. We cannot agree that after delimiting the three departments of the government so precisely, the framers then meant by the words 'other jurisdiction' to confer on circuit courts departmental authority in or over the other two departments. We adopt the natural inference that the 'other jurisdiction' is jurisdiction essentially juridical (then or thereafter prescribed by law) over proceedings not named in the section.

''This construction of section 12 is not to be taken as unsettling the practice of circuit courts to incorporate towns and to entertain appeals from boards of equalization and review on the valuation of property for taxation. This practice has been pursued in such a great number of cases and over so many years, that we are of opinion it should not be disturbed now. However, this procedure applies to local matters only; and we feel no obligation because

of submission thereto, to approve the further delegation of legislative functions to the judiciary, particularly in a proceeding of statewide interest, such as this.

"We are mindful that courts have not drawn 'abstract analytical lines of separation' (37 Harv. L. Rev. 1014) between the departments and that there is some overlapping of judicial and administrative duties. Courts recognize 'necessary areas of interaction' (idem) and not infrequently exercise powers which are technically administrative. Such encroachments on other departmental powers are undoubtedly proper when incidental to the performance of legitimate judicial functions. 'The grant of power embraced in one of the great departments of government carries with it the right to use means appropriate to the exercise of that power.' Ry. *Company's Appeal,* 69 Conn. 576, 594. Willoughby, *supra,* sec. 1062. It would therefore seem that the plain language of article V calls not for construction, but only for obedience."

We adhere to this sound exposition of the constitutional limit on the legislative power to encumber the judiciary with duties and powers which should be exercised by the other coordinate branches of the government.

The constitutionality of this part of the act was not involved in *Henson* v. *County Court,* 93 W. Va. 316, 116 S. E. 704, for there is no provision for appeal to the circuit court from allowances made for the county clerk's office. Nor was it raised in *Buxton* v. *O'Brien,* 97 W. Va. 347, 125 S. E. 154, where a circuit clerk sought by mandamus to compel the county court and the judge of the circuit court to meet and concurrently fix the circuit clerk's allowance. Perhaps the circuit judge, interested in the proper functioning of his clerk's office, could be accorded the powers given him by the act respecting the clerk's allowance—a question not now before us. In *Wiley* v. *County Court,* 111 W. Va. 646, 163 S. E. 441, a proceeding to compel certain allowances to deputies of the circuit clerk, the constitutionality of that portion of the act relating to the power of the circuit judge was not raised. The cases of *Morris* v. *Taylor,* 70 W. Va.

618, 74 S. E. 872; *Baker* v. *Workman,* 72 W. Va. 518, 78 S. E. 670, and *West* v. *Fair Association,* 97 W. Va. 10, 125 S. E. 353, cited by counsel for the sheriff to uphold the constitutionality of the act, were cases involving the power of circuit courts to issue charters to towns, in which the power was upheld; and which we concluded not to disturb for reasons stated in the *Hodges* case. We see little application of *State* v. *County Court,* 90 W. Va. 105, 110 S. E. 482, cited, to the question under discussion. That case involved a mandamus proceeding to compel the county court to order an election for the relocation of a county seat.

Whether the duty of fixing the salaries of the deputy sheriffs, and the compensation to be paid to other persons employed by the sheriff, be legislative or ministerial in character is unimportant, for the duty sought to be imposed on the circuit court is non-judicial. The legislative purpose was to put a check on the county court so that it might not unreasonably hamper the sheriff in the discharge of his duties. Unfortunately, it has selected the circuit court as the check. It may be conceded that if the county court should fix an amount which would be unreasonable, plainly capricious and arbitrary, there would be a clear abuse of discretionary power, and the courts would have jurisdiction to give relief, assuming that the duty was administrative and not legislative, a judicial function would then be exercised. We have no such case before us.

We are of the opinion that the provision for appeal to the circuit court, under the proviso provision of the statute quoted, violates article V of the constitution and is invalid. The writ of prohibition will be awarded, and the petition for mandamus dismissed.

*Prohibition awarded; mandamus proceeding dismissed.*