THE COUNTY COURT OF RALEIGH COUNTY *v.* M. L. PAINTER, *Special Judge, et al.*

(No. 9210)

Submitted May 6, 1941. Decided June 10, 1941.

416

*Hutchinson & Trail,* for petitioner.
*George W. Williams,* for respondents.

LOVINS, JUDGE:

This is a proceeding in prohibition, original jurisdiction, wherein the County Court of Raleigh County obtained a rule directed to M. L. Painter, Special Judge of the Circuit Court of said county, or his successor, and Van Hunter, clerk of said court. The county court questions the right of the circuit court to hear an appeal from its action in reducing the amounts estimated by Hunter as necessary to compensate deputies and assistants in his office for the year 1941.

The petition alleges that in November, 1940, Hunter filed with the county court a detailed statement of the amounts necessary to be expended for deputies, assistants and other employees in his office for the calendar year 1941, in accordance with the provisions of Code, 7-7-7, and that by orders entered on the 16th and 30th days of December, 1940, the county court reduced the aggregate of the estimated amounts from $6,180.00 to $5,640.00, and allowed the sum of $245.00 for an overdraft in the 1940 budget. It is alleged that Hunter then filed his petition in the circuit court seeking a review of the action of the county court in reducing the amounts; the circuit court granted an appeal from the action of the county court, overruling petitioner's motions to dismiss that petition, and the appeal, and set a hearing on the matters arising on Hunter's petition for March 28, 1941. The petition filed in this Court concludes with the allegations that the county court did not act in an unreasonable, capricious or arbitrary manner, and that the circuit court had no jurisdiction to grant the appeal, hear the appeal, decide such matters on the record as made up, or by trial *de novo.*

Pending the hearing in the circuit court, the county court filed this petition March 25, 1941, and obtained a rule in prohibition from this Court.

The Judge of the Circuit Court of Raleigh County and clerk thereof, by demurrer and answer, contend that the County Court of Raleigh County acted in an unreasonable, capricious and arbitrary manner in fixing the salaries of the deputies and assistants of said clerk; that the Circuit Court of Raleigh County has jurisdiction of the clerk's appeal by reason of Chapter 19, Acts of the Legislature, 1939, which enactment amended Code, 7-7-7; that county courts are designed, placed and classified in the Constitution of West Virginia, Article VIII, in a judicial department; and that circuit courts have supervision and control of all proceedings before justices and other inferior tribunals, and that the act of fixing or determining the salaries of deputies and assistants in the office of the clerk of the circuit court is a judicial act.

The problems presented upon this rule involve a construction of Code, 7-7-7, as amended. Section 7 provides, among other things, that the county court shall fix an aggregate sum to be expended during the ensuing calendar year by sheriffs and clerks of the county, circuit, criminal, common pleas and intermediate courts for deputies, assistants and other office employees, after taking up and considering statements of the probable amounts necessary for such expense, filed by the sheriffs and various clerks. Prior to 1939, Section 7 provided for the amount to be expended by the circuit clerk's office to be fixed by the "concurrent jurisdiction" of the county court and judges of the courts of record. The amendment of 1939 substituted in lieu of that proviso the following: *"Provided*, That any clerk of a circuit court, feeling that the sum so fixed and determined is inadequate to enable him to properly conduct his office, may appeal to the circuit court of such county, which shall determine and fix a reasonable and just amount for the compensation of his deputies and assistants: * * *".

As stated, the demurrer and answer herein assert that the action of the county court was arbitrary, unreasonable

and capricious, although the petition shows that the county court's reduction of the clerk's estimate as to yearly salaries for two assistants amounted to only $540.00, and that the reduction was made so that the salaries of the two assistants, both females, would conform to the maximum salary paid other female employees on the county pay-roll. Assigned as arbitrary, unreasonable, and capricious conduct of the county court is its failure to consider court calendars for the circuit and criminal courts and other facts and figures filed by Hunter with his estimate, as well as petitioner's action in ignoring Hunter's request to submit further proof before passing on the estimate, if the evidence he had submitted was not sufficient to sustain the same.

We see little merit in this contention. As far as the amount of reduction is concerned, we cannot say that the same is arbitrary, unreasonable and capricious merely by observing the calendars of the Raleigh County courts of record and the list of allowances to the circuit clerk for the past few years. As to the request to submit further proof, Hunter should have been prepared to present all proof he desired at the time he submitted his estimate, and we can see nothing indicative of arbitrary, unreasonable or capricious conduct in the petitioner's failure to call for more. It must be remembered in this connection, also, that Hunter's report was filed with the county court on November 30th, and the statute required the same by December 1st, as well as action thereon by the county court within fifteen days. The main question remaining for our determination is the constitutionality of the proviso hereinbefore quoted.

In the case of *Baker* v. *Tyler County Court*, 112 W. Va. 406, 164 S. E. 515, this Court held that a similar proviso, appearing in Code, 7-7-7, giving a sheriff or a taxpayer the right of appeal to the circuit court in regard to the sum fixed for the expenses of the sheriff's office for deputies and assistants was unconstitutional. It should be noted that the legislature, in amending and re-enacting Code, 7-7-7, so as to include the proviso under consideration in the instant case, allowed to remain in the amended statute

the portion declared invalid in the *Baker* case. In the provision relating to sheriffs it was stated that the appeal to the circuit court was for the purpose of "determining the equity" of the allowance made by the county court, while the proviso relating to circuit clerks states that upon appeal, the circuit court "shall determine and fix a reasonable and just amount" for the compensation of deputies and assistants. The difference in the phraseology of the two last quoted portions of Code, 7-7-7, cannot change the effect thereof for the purpose of this discussion, for, as stated in the *Baker* case, the result is to substitute the judgment of the circuit court for that of the county court in its administration of the fiscal affairs of the county accorded by Article VIII, Section 24, which, in part, includes the following:

> "* * * They shall also, under such regulations as may be prescribed by law, have the superintendence and administration of the internal police and fiscal affairs of their counties, * * * with authority to lay and disburse the county levies. * * * Such courts may exercise such other powers, and perform such other duties, not of a judicial nature, as may be prescribed by law. * * *".

For this reason, the *Baker* case held that the provisions of Article V of the Constitution, whereby the legislative, executive and judicial departments of the government are to be kept separate and distinct, were violated. We believe the reasoning of that case to be sound and decisive of the main question at issue herein. As we view it, the duty imposed upon county courts in the making of allowances to circuit clerks for expenses incident to the employment of deputies and assistants is not of a judicial nature, and that portion of Chapter 19, Acts 1939, which attempts to impose upon the circuit courts jurisdiction of the same, in the nature of an appeal and with the power to determine and fix a reasonable and just amount for compensation of deputies and assistants, contravenes Article V of the Constitution and is therefore invalid.

For a full discussion of the division of powers of the

state government, we refer to the able discussion by Judge Hatcher in the case of *Hodges* v. *Public Service Commission,* 110 W. Va. 649, 159 S. E. 834, and especially the portion thereof quoted by Judge Lively in *Baker* v. *County Court, supra.* For other cases in which this Court has applied Article V of the Constitution to invalidate attempts óf the legislature to confer non-judicial powers upon the judiciary, in addition to the *Baker* case, see *Hodges* v. *Public Service Commission, supra; Danielley* v. *City of Princeton,* 113 W. Va. 252, 167 S. E. 620; *Staud* v. *Sill,* 114 W. Va. 208, 171 S. E. 428.

Having determined that the proviso in Code, 7-7-7, as amended by Chapter 19, Acts 1939, relating to circuit clerks, is unconstitutional, there remains to be considered the effect of the invalidation of that proviso upon the remainder of the Act. As quoted in *Berea College* v. *Kentucky,* 211 U. S. 45, 29 S. Ct. 33, 35, 53, L. Ed. 81, from the opinion in the case of *Loeb* v. *Columbia Twp.,* 179 U. S. 472, 21 S. Ct. 174, 45 L. Ed. 280:

> "As one section of a statute may be repugnant to the Constitution without rendering the whole act void, so one provision of a section may be invalid by reason of its not conforming to the Constitution, while all the other provisions may be subject to no constitutional infirmity. One part may stand, while another will fall, unless the two are so connected or dependent on each other in subject matter, meaning, or purpose, that the good cannot remain without the bad. The point is not whether the parts are contained in the same section, for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance,—whether the provisions are so interdependent that one cannot operate without the other."

In *State* v. *Edwards,* 95 W. Va. 599, 122 S. E. 272, it was held that the question is whether the parts of a statute are so dependent upon each other that the whole cannot be carried into effect when one part is unconstitutional. See also, *Eckhart* v. *State,* 5 W. Va. 515; *Dorchy* v. *Kansas,*

264 U. S. 286, 44 S. Ct. 323, 68 L. Ed. 686. The purpose of the statute under consideration is obviously that of providing for the fixing of the aggregate amounts necessary for salaries of deputies and assistants of sheriffs and clerks of the various courts of record, together with provisions for the employment and discharge of such deputies and assistants. As hereinbefore stated, the provisions for the fixing of the aggregate amounts are in pursuance of the general powers granted county courts under Article VIII of our Constitution. Therefore, we are of the opinion that the unconstitutionality of the proviso relating to an appeal by circuit clerks, hereinbefore declared, does not prevent the whole of the statute from being carried into effect since its general purpose is not dependent upon the proviso for its operation.

The petition for prohibition does not pray for a writ to issue against Hunter. Accordingly, the writ will issue, directed to M. L. Painter, Special Judge of the Circuit Court of Raleigh County, or his successor, prohibiting further proceedings in the appeal granted March 18, 1941.

*Writ awarded.*