STATE *ex rel.* FRANK CANTERBURY, *etc.*
*v.*
THE COUNTY COURT OF WAYNE COUNTY, W. VA., *etc.,*
PEARL E. BOOTH, *et al.*
(No. 12698)

Submitted November 28, 1967. Decided December 12, 1967.

*Baer & Napier, Philip A. Baer, William K. Napier,* for appellants.

*Greene, Ketchum, Baker & Pauley, Lawrence L. Pauley,* for appellee.

BROWNING, JUDGE:

Petitioner, Frank Canterbury, as a resident and taxpayer of Wayne County and as Clerk of the County Court of Wayne County, West Virginia, instituted a proceeding in mandamus in the Circuit Court of Wayne County to compel the respondents, the County Court of Wayne County and Pearl E. Booth and Barney Asbury, commissioners thereof, to reconvene and reconsider the estimate and levy for the fiscal year 1967-68 and to allocate a sufficient sum of money for the efficient conduct of the office of the petitioner for that fiscal year. Respondents demurred to the petition on the ground that mandamus does not lie inasmuch as respondents have performed the duties imposed upon them by law and answered, asserting that sufficient funds have been allocated. The Circuit Court of Wayne County overruled the demurrer and after a hearing granted the writ as prayed for, holding in his opinion that while the respondents had not acted in a wilful or arbitrary manner, insufficient money had been allocated for the efficient conduct of petitioner's office, to which order this Court granted an appeal and supersedeas on October 2, 1967. Due to the exigencies of the situation, petitioner was granted leave to move to affirm as provided by Code, 58-5-25, and the case was heard and argued upon the original record.

Code, 7-7-7, as amended, provides in the parts here pertinent that: "The sheriff, clerk of the county court, clerk of the circuit court, clerk of the criminal, common pleas or intermediate courts, on or before March first of each year, shall file with the county court . . . a detailed statement of the probable amount necessary to be expended for deputies, assistants, and other employees of their respective offices in the following fiscal year . . . . The county court . . . shall not later than March twenty-eighth, take up and consider the same and shall determine and fix an aggregate sum to be expended for the period cover-

ed by such statement for the compensation of all such deputies, assistants, and other employees of the respective officers, which shall be reasonable and proper, regard being had to the amount of labor necessary to be performed by those who receive the compensation, and shall enter upon its court record a finding of its action.''

Pursuant to this statute the petitioner on or before the first day of March, 1967, filed a detailed statement setting forth the names of ten deputies and assistants and the compensation to be paid to them totalling the sum of $46,800.00, the amount allocated by the respondents for the conduct of his office in the preceding fiscal year. The county court reduced the aggregate sum to the amount of $29,400.00 to which petitioner objected, his objections were overruled, and petitioner instituted the present action in the Circuit Court of Wayne County.

At the hearing before the circuit court the petitioner testified that he was first elected to the office of county clerk in 1956 at which time eight deputies were employed in the office; the work increased and two additional deputies were employed in 1962; since 1962 the work has continued to increase and, although modern equipment has been purchased and utilized, it is still necessary for some employees upon occasion to work overtime in order to conduct his office efficiently. He also testified that he could not obtain competent help at smaller salaries than those requested and could not operate his office in an efficient manner as required by law for the amount allocated by the respondents. He is corroborated in his testimony by his chief deputy clerk who testified to the same effect. Mr. Ira McCoy, a member of the County Court of Wayne County, testified that he dissented to the reduction in petitioner's budget, did not believe petitioner could efficiently conduct his office on the amount allocated by the respondents and, in effecting the reduction, the respondents did not com-

pare the work load of petitioner with that of other county clerks' offices but used only population figures for comparison.

For the respondents, respondent Booth testified that Wayne County had incurred a fiscal deficit of approximately $130,000.00 prior to 1966; after conferences with the state tax commissioner it was agreed that approximately $34,000.00 would be paid back in fiscal 1966-67 with no definite understanding as to when the balance of approximately $96,000.00 would have to be repaid; in an endeavor to repay this balance in fiscal 1967-68, and being of the opinion that the budgets of certain offices were too high in comparison to counties of like size, they effected the instant reduction by comparing the population, budget, and the amount appropriated for the office of County Clerk of Wayne County with the same statistics for Marshall, Mingo, Monongalia and Fayette Counties. Mr. Booth admitted that the work load of the aforementioned counties was not compared in any way. His testimony is corroborated by the respondent Asbury and to a limited extent by a Mr. Whited, Assistant Director, Division of Inspection and Supervision of Public Offices, State Tax Department, who admitted on cross-examination that he was supplied with the figures from which he testified by Mr. Booth.

As heretofore mentioned, after considering the evidence taken at the hearing, the Circuit Court of Wayne County found that although the action of the respondents was not arbitrary and capricious, the amount allocated would not permit the petitioner to conduct his office in an efficient manner as prescribed by law and ordered respondents to reconvene and to redetermine and reallot a sufficient sum of money for the continued operation of petitioner's office, to which action this Court granted an appeal. It has been stipulated that the Clerk of the Circuit Court of Wayne County is affected by a reduction of her budget and has instituted a like proceeding in mandamus below,

which will be governed by the decision in the instant case.

Article VIII, Section 3 of the constitution of this state gives this Court original jurisdiction in mandamus and Section 12 of that article confers upon circuit courts original and general jurisdiction of that extraordinary proceeding. In this case the original jurisdiction of the Circuit Court of Wayne County was invoked and the case comes to us upon appeal from that court's decision, but in determining his power in that regard we must apply the same principles as would be applicable had this case arisen initially in this Court. The test by which it is determined whether a petitioner in the extraordinary proceeding of mandamus is entitled to relief is not the same as it is in the ordinary civil case. In the latter it is enough that he prove his right to relief by a preponderance of the evidence. In mandamus he must show a clear legal right to the relief sought and before such relief may be granted by a court it must be shown that the respondent has a mandatory duty to perform the act required of him and it is never enough merely to show that the action of the respondent was not in accord with the opinion of the court with regard to the matter under consideration. In other words, if the respondents have a discretion they may be required by mandamus to act, but the court is without authority to command in what manner they shall act unless the action of the respondents is so arbitrary and capricious as to create a question for judicial determination. It is not necessary that authority be cited for these fundamental principles applicable to the extraordinary proceeding of mandamus. In the case of *In re Boggs' Estate,* 135 W. Va. 288, 63 S.E. 2d 497, this Court held that county courts have unlimited jurisdiction within the scope of the powers delegated to those courts under Article VIII, Section 24 of our state constitution. However, that section also contains the provision that: ". . . They shall also, under such regulations as may be prescribed by law,

have the superintendence and administration of internal police and fiscal affairs of their counties, . . . ." and in *State ex rel. County Court of Cabell County v. Battle, Comm'r.*, 147 W. Va. 841, 131 S.E. 2d 730, this Court noted that this provision reposes much regulatory authority over county courts in relation to fiscal affairs in the legislature. It necessarily follows that any such regulation, if otherwise valid, which the legislature might choose to impose upon a county court in conducting its fiscal affairs may be enforced in mandamus.

It is obvious that the action of the County Court of Wayne County which is complained of in this proceeding was of an administrative, not a judicial, nature and the trial court was confronted primarily with the provisions of Article V, Section 1 of the constitution, which provides as follows: "The legislative, executive and judicial departments shall be separate and distinct, so that neither shall exercise the powers properly belonging to either of the others; nor shall any person exercise the powers of more than one of them at the same time, except that justices of the peace shall be eligible to the legislature." In commenting upon this section of the constitution, this Court in the early case of *State ex rel. Miller v. Buchanan*, 24 W. Va. 362, stated that the legislative, executive and judicial departments of the government must be kept separate and distinct and each in its legitimate sphere must be protected. In the very recent case of *State v. Demus*, 148 W. Va. 398, 135 S.E. 2d 352, this Court reiterated what has been said many times before—that the courts of this state are by this constitutional provision "forbidden to perform administrative duties." That the duty imposed on county courts by Code, 7-7-7, as amended, in making allowances to those county officials named therein for expenses incidental to the employment of deputies and assistants, is not of a judicial nature has been specifically held in *Raleigh County Court v. Painter*, 123 W. Va. 415, 15 S.E. 2d 396. Thus when we apply

these principles of law to the facts in this case the power of the respondents, the County Court of Wayne County and its commissioners, Pearl E. Booth and Barney Asbury, in passing upon the administrative fiscal question which was presented to them, would appear unlimited except as such power may have been circumscribed by the legislature by the provisions of Code, 7-7-7, as amended, or perhaps by such action of the county court as would constitute arbitrariness or capriciousness. This is the third syllabus point of the case of *Board of Trustees, etc. v. City of Huntington*, 142 W. Va. 217, 96 S.E. 2d 225: ''Though under Section 3, Article VIII of the West Virginia Constitution, this Court has original jurisdiction in *habeas corpus*, mandamus and prohibition, the Court will not, in the first instance and in the absence of arbitrary action on the part of the council or other governing body of a municipal corporation, engage in determining or controlling the fiscal affairs of any municipal corporation in the State of West Virginia.''

At this point it should be observed that the petitioner, the Clerk of the County Court of Wayne County, is a constitutional official, Article VIII, Section 26 of the constitution, and that section further provides that: '' . . . His duties and compensation and the manner of his removal shall be prescribed by law. . . .'' There is no provision in that section for deputies, assistants or clerks or for the manner in which such may be compensated. The legislature has implemented that provision by providing in Code, 7-7-2(47), as amended, that the salary of the County Clerk of Wayne County shall be $5,900.00 annually and in Code, 7-7-7, as amended, that he '' . . . shall appoint and employ such deputies, assistants and other employees in the manner provided by law, as may be necessary . . . and fix their compensation . . . ; but the compensation for all deputies, assistants and other employees shall not exceed in the

aggregate . . . the amount so fixed for that office . . . . '' by the county court. It is to be observed that the legislature in this last section has used language much more equivocal with regard to the compensation of deputies, assistants and clerks than the language used in fixing the salary of the petitioner, the Clerk of the County Court of Wayne County. In unequivocal language the legislature provides that he shall be paid $5,900.00 annually and it could not seriously be argued that the County Court of Wayne County could reduce his salary notwithstanding any deficit.

This brings us close, at least, to the precise question presented upon this appeal. Code, 7-7-7, as amended, provides that the county clerk and other officials named therein shall prepare what is in effect a budget prior to the beginning of each fiscal year and present it to the county court for its consideration. The language of the section then provides that the county court shall ''take up and consider the same and shall determine and fix an aggregate sum to be expended for the period covered . . . for the compensation of such deputies, assistants, and other employees . . . .''The section provides further that the sum fixed ''shall be reasonable and proper, regard being had to the amount of labor necessary to be performed by those who receive the compensation. . . .'' This language does not require absolute acceptance of the officer's estimate but confers upon the county court a discretion in that regard, although it may be, and has been argued, that such language requires the county court to provide such funds as will permit the official, here the county clerk, to properly carry out the statutory duties of his office. The testimony of the petitioner and particularly that of Marie Osburn, his chief deputy, was to the effect that the duties of the office of the county clerk were extensive, the details thereof being contained in the record, and that the office could not function properly with less than

ten employees and upon a budget of $29,400.00. Marie Osburn testified that her gross salary was $500.00 per month and that the lowest paid employee received $400.00 a month but that such was the gross salary and the net was considerably less. This witness in projecting the salaries of the ten employees under the 1967-68 budget stated that her net monthly salary would be $244.05 and that the lowest paid employee, Ethel Ramey, would receive a net monthly salary of $181.10. Incidentally, the chief deputy categorically stated that she would not serve in that capacity at the reduced salary. The respondent Pearl E. Booth, President of the County Court of Wayne County, in defending the action of a majority of the members of the court in reducing the petitioner's budget, testifield that the county began the fiscal year of 1966-67 "with approximately $130,000.00 deficit." There was some conflict in the testimony as to how much of a deficit remained at the time of the hearing of the evidence in this case and also as to whether the state tax commissioner had given permission to the county court to make up the deficit over a period of three years. The respondent Booth denied that such permission had been given. The principal reason given, however, by this witness for the reduction of the budget of the petitioner was, as heretofore stated, by comparing populationwise the County of Wayne with the counties of Marshall, Mingo, Fayette and Monongalia. The figures from which he testified were secured from the office of the tax commissioner and while the testimony was objected to by counsel for the petitioner no effort was made to contradict the correctness of such testimony. For purposes of comparison in this opinion the following figures are taken from the record with population figures being based on the 1960 census and the county levies and budgets shown for the fiscal year 1966-67:

| County | Population | Levy | Budget of County Clerk |
|--------|-----------|------|------------------------|
| Wayne | 38,977 | $449,670 | $46,800 |
| Marshall | 38,041 | 570,402 | 19,303 |
| Mingo | 39,742 | 487,890 | 29,880 |
| Fayette | 61,731 | 631,932 | 31,120 |
| Monongalia | 55,617 | 638,735 | 29,650 |

Code, 7-7-7, as amended, in the year 1924 (Chapter 137, § 40, Barnes' Code, 1923), provided that clerks of circuit courts should on or before the first day of December of each year file with the county court "a detailed statement of the probable amount necessary to be expended for deputies, assistants and other employees", and further provided that not later than fifteen days after the filing of such statement the county court should meet concurrently with the judge of the circuit court of such county and "determine and fix an aggregate sum to be expended for the period covered by said statement for the compensation of all such deputies. . . ." In the case of *State ex rel. Buxton v. O'Brien and the County Court of Mason County,* 97 W. Va. 343, 125 S.E. 154, that being an original proceeding in mandamus in this Court, the petitioner Buxton, Clerk of the Circuit Court of Mason County, sought a writ requiring the county court of that county to "meet concurrently with the judge of the circuit court of said county and take up and consider said statement, and determine and fix an aggregate sum to be expended for deputies and assistants in said office," alleging that the commissioners of the county court had failed to so act. In his statement filed with the county court the petitioner requested only one deputy and asked that he be paid $100.00 a month, alleging that "said amount is reasonable", and further stated that the amount set forth "is not more than is necessary to carry on the work of said office; . . . ." In its answer the county court alleged that it did at the proper time take

up and consider the statement of the petitioner and did "fix an aggregate amount to be expended by relator for deputies and assistants; and that said sum so fixed was $175.00 per annum; that said amount was reasonable and proper, regard being had for the amount of labor to be expended by such deputy or assistant." Judge O'Brien of the Circuit Court of Mason County, in his answer to the writ, stated that he was in agreement with the estimate of the petitioner; that the sum of $100.00 a month was necessary to provide a deputy clerk, having due regard to the amount of labor necessary to be performed in that office. He further stated in his answer that the county court, disregarding his wishes in the matter and without so informing him, "attempted to fix said amount at the sum of $175.00 per annum," and that upon learning of this he discussed the discrepancy with the members of the county court and informed them that he was willing to agree on "an allowance of $75.00 per month for one deputy for said clerk's office, but that said county court then and there refused to further consider the matter and refused to make any change in its pretended action as aforesaid." The judge further stated that after "the alternative writ" had been served upon him he attempted to get the county court to concurrently consider with him the statement and the estimate of the amount necessary to be expended for deputies in the clerk's office, but that "the said county court then and there refused and declined any further allowance than the sum of $175.00 per year; that he offered and proposed to the said county court to reduce the allowance of $1,200.00 per year to $75.00 per month, which offer so made by him the county court refused to accept." Upon this state of the record this Court refused to award the writ. In the opinion the Court said: "In support of the writ several affidavits were filed, but the fact that the county court in obedience to the alternative writ of mandamus herein, did meet with the judge of the circuit court for the purpose . . . of fixing

the amount to be expended for deputies and assistants for the office of the circuit clerk, did concurrently consider the matter, and that they failed to agree on the amount to be so expended, is not denied, and the only question as we now see it is, can this court by mandamus compel them to agree? We think not.'' The Court further said: ''The county court and said judge in meeting to concurrently consider the amount of compensation, as set out by the detailed statement of the clerk, to be paid the deputy clerks and assistants were acting in their ministerial capacity, even though they were clothed with discretionary powers, and while mandamus will lie to compel them to so meet, yet it will not lie to compel them to act in any particular manner or fix any particular sum. The duty to fix this amount is imposed by statute, but what that amount shall be seems to be entirely discretionary with them under the requirements of the law.'' This is the first syllabus point of that case: ''Mandamus is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made.'' In accord are these statements: ''If any such inferior tribunal refuse to exercise its discretion and render its judgment, it may be compelled to act by *mandamus,* but the manner of its action or result of its decision can not be thus controlled.'' Syl. Pt. 2, *Miller v. County Court,* 34 W. Va. 285, 12 S.E. 702; ''Generally, the courts of this State have no power to control by injunction a county court in the exercise of its purely legislative or governmental functions.'' Syl. Pt. 1, *County Court v. Bailey,* 97 W. Va. 351, 125 S.E. 253. See also: *State ex rel. Gas Co. v. Deberry,* 130 W. Va. 418, 43 S.E. 2d 408; *County Court v. Holt, Judge,* 61 W. Va. 154, 56 S.E. 205; *Marcum v. Commissioners,* 42 W. Va. 263, 26 S.E. 281; *State ex rel. Wayne County Ct. v. Herrald,* 36 W. Va. 721, 15 S.E. 974; *County Court v. Boreman,* 34 W. Va. 87, 11 S.E. 747; *County*

*Court v. Armstrong, Judge,* 34 W. Va. 326, 12 S.E. 488; and *State v. County Court,* 33 W. Va. 589, 11 S.E. 72.

Upon the authority cited herein and upon a very careful perusal of the evidence in this record, this Court is of the view that the Circuit Court of Wayne County committed reversible error when it found that "the County Court of Wayne County has not acted in a wilful or arbitrary manner" but nevertheless granted the writ of mandamus directing the county court to "reconvene and reconsider the estimate and levy for the fiscal year 1967-68 and to redetermine and reallot a sufficient sum of money for the continued operation of the county clerk's office."

The motion to affirm is refused, the judgment of the Circuit Court of Wayne County is reversed and the case is remanded to that court with directions to dismiss the proceedings.

*Reversed and remanded with directions.*