■ EVELYN COURTLAND, Appellant, v. BROWN, HARRIS, STEVENS, INC., et al., Respondents.— Order unanimously reversed, with $20 costs and disbursements to appellant, and the motion to vacate the notice of examination before trial of the witness, Mrs. Jones Wilkie, is denied. Considering the nature of the causes of action, plaintiff has sufficiently shown a possible connection of the witness with the transactions involved, about which she would have special and exclusive knowledge. Unquestionably she will be reluctant, if not a hostile, witness at the trial. Special circumstances have been adequately demonstrated. (See *Southbridge Finishing Co.* v. *Golding,* 2 A D 2d 430, 435; *Lesavoy Inds.* v. *Providence Washington Ins. Co.,* 285 App. Div. 938.) Settle order fixing date for examination to proceed. Concur — Breitel, J. P., Frank, Valente, Stevens and Bergan, JJ.

■ BELLA ACKERMAN, Appellant, v. FRANK W. ACKERMAN, Respondent. — The order at Special Term denying the plaintiff's motion to punish the defendant for contempt is reversed on the law, on the facts, and in the exercise of discretion, and the motion to punish for contempt is granted, with costs, with leave, however, to the defendant, after payment of all arrears, to make application to modify the judgment to condition the payments required to be made by him thereunder upon the right of visitation. If the defendant promptly moves to modify as hereinabove permitted, such application shall be consolidated with the plaintiff's motion to modify the judgment and a joint hearing on both applications shall be held. The fixation of counsel fees, if any, is reserved for Special Term pursuant to section 1172-d of the Civil Practice Act when the applications for modification of the judgment are considered. The order dated February 4, 1958, which denied the plaintiff's application to modify the judgment of separation by striking the provision for visitation by the defendant therefrom is modified on the law, the facts, and in the exercise of discretion, to provide for a hearing thereon, without costs. Settle orders. Concur — Breitel, J. P., Frank, Valente, Stevens and Bergan, JJ.

■ In the Matter of the Accounting of ADRIAN R. ALLAN, JR. et al., as Executors of ADRIAN R. ALLAN, Deceased. In the Matter of the Construction of the Will of ADRIAN R. ALLAN, Deceased. ADRIAN R. ALLAN, JR. et al., as Executors of ADRIAN R. ALLAN, Deceased, Appellants; VIRGINIA A. CARTER et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the objectant-respondent, payable out of the estate. No opinion. Concur — Breitel, J. P., M. M. Frank, Valente, Stevens and Bergan, JJ.

■ In the Matter of the Accounting of HANOVER BANK, as Substituted Trustee under the Will of JOHN SLATER, Deceased. In the Matter of JAMES L. SKERRITT, as Ancillary Administrator C. T. A. of the Estate of JOHN J. SLATER, Deceased. JAMES L. SKERRITT, as Ancillary Administrator C. T. A. of the Estate of JOHN J. SLATER, Deceased, Appellant; HANOVER BANK, as Substituted Trustee under the Will of JOHN SLATER, Deceased, et al., Respondents.— Order unanimously affirmed, with $10 costs and disbursements to the respondent-respondent, the Hanover Bank, as substituted trustee, against appellant as administrator *c. t. a.* No opinion. Concur — Breitel, J. P., M. M. Frank, Valente, Stevens and Bergan, JJ.