379 S.E.2d 159

**William Robert STATON**

v.

**The Honorable John HRKO, Judge of the Circuit Court of Wyoming County.**

No. 18837.

Supreme Court of Appeals of West Virginia.

March 15, 1989.

Lee H. Adler, Beckley, for William Robert Staton.

McHUGH, Justice:

In this original proceeding in mandamus the petitioner, William Robert Staton, seeks a writ compelling the respondent, the Honorable John Hrko, Judge of the Circuit Court of Wyoming County, West Virginia, to allow the petitioner to take certain depositions in a mandamus proceeding pending in that court which had been brought pursuant to *W.Va.Code*, 18A–4–8b [1988] to enforce the statutory provisions regarding the promotions of public school teachers. We heretofore issued a rule to show cause why the requested relief should not be granted. The real party in interest, the Board of Education of Wyoming County ("the Board"), filed an answer in this Court, and on the return date this Court heard oral argument of counsel. For the reasons hereinafter stated, we believe the writ of mandamus should be awarded as herein moulded.

I

By letter dated July 19, 1988, the Superintendent of Schools for Wyoming County notified the petitioner that he was not entitled to a statement of reasons why he had not been appointed to the position of principal of Mullens High School because, as stated in the letter, the successful applicant, Don Nuckols, had more seniority as an administrator than the petitioner.[1] The petitioner subsequently brought a mandamus proceeding, pursuant to the last paragraph of *W.Va.Code*, 18A–4–8b [1988], to compel the Board to comply with the promotion provisions of article 4 of chapter 18 of the *Code*.[2] The petitioner alleged in his

---

1. The second paragraph of *W.Va.Code*, 18A–4–8b(a) [1988] provides:

   A county board of education shall make decisions affecting promotion and filling of any classroom teacher's position occurring on the basis of qualifications. If the applicant with the most seniority is not selected for the position a written statement of reasons shall be given to the applicant with the most senior-

ity with suggestions for improving the applicant's qualifications.

2. The last paragraph of *W.Va.Code*, 18A–4–8b [1988] provides, in pertinent part, that "[a]ny board failing to comply with the provisions of this article may be compelled to do so by mandamus[.]" This language was added to this section in 1983. 1983 *W.Va.Acts* ch. 70. Interest-

mandamus petition in the Circuit Court of Wyoming County ("the trial court") that he had greater seniority and was better qualified than the person appointed to the position in question.

After filing his mandamus petition in the trial court the petitioner sought to take the depositions of the county superintendent of schools and of the members of the Board.[3] The petitioner also sought to receive copies of all documents relating to the Board's decision with respect to the principalship of Mullens High School. The Board refused to allow the depositions or to furnish the documents.

The trial court thereafter denied the petitioner's motion to compel the depositions of the individuals in question, but the trial court did permit the petitioner to inspect the Board's personnel files of all candidates for the principalship of Mullens High School. The trial court later denied the petitioner's motion for reconsideration of its ruling on the depositions.

The petitioner subsequently brought this mandamus proceeding in this Court to compel the trial court to honor the petitioner's alleged right to take depositions of the Board members and of the county superintendent of schools.

---

ingly, a general provision, namely, *W.Va.Code,* 18A–4–13 [1969], also provides that "[a]ny board failing to comply with the provisions of this article may be compelled to do so by mandamus."

3. The role of a county superintendent of schools in the selection of a school principal is stated in the first paragraph of *W.Va.Code,* 18A–2–9 [1988]:

Upon the recommendation of the county superintendent of schools, the county board of education shall employ and assign, through written contract, public school principals who shall supervise the management and the operation of the school or schools to which they are assigned. Such principals shall hold valid administrative certificates appropriate for their assignments.

The county superintendent of schools in this case was not named as a party to the mandamus proceeding in the trial court.

4. The language of *W.Va.R.Civ.P.* 81(a)(5) is as follows:

## II

At the outset we observe that the trial court's reasons for not allowing the depositions are not contained in the record before us. The petitioner alleges in his mandamus petition filed with this Court that the trial court agreed with the Board that depositions are not allowed in extraordinary proceedings, including mandamus proceedings, in the circuit courts of this State because *W.Va.R.Civ.P.* 81(a)(5) provides that the Rules of Civil Procedure, with three irrelevant exceptions, do not apply to such proceedings.[4] The answer of the Board filed with this Court does not deny the factual allegation in the mandamus petition filed with this Court that the trial court refused to allow the depositions because nearly all of the Rules of Civil Procedure, including discovery rules, do not apply to mandamus proceedings in the circuit courts. This factual allegation as to why the trial court refused to allow the depositions is therefore deemed to be admitted. All factual allegations properly pleaded in the petition for a writ of mandamus which are not denied in the answer are deemed to be admitted. *See State ex rel. Downey v. Sims,* 125 W.Va. 627, 629–30, 26 S.E.2d 161, 162 (1943).

Both this Court and the circuit courts in this State have original jurisdic-

---

(5) Extraordinary Remedies.—Rules 5(b), 5(e) and 80 apply, but the other rules [including Rules 26 through 37 on depositions and discovery] do not apply, to proceedings under the writs of mandamus, prohibition, certiorari, habeas corpus, and quo warranto, and upon an information in the nature of a quo warranto.

The reporter's original note under this subdivision states: "It is believed desirable not to have the rules [in general] apply to the extraordinary writs for the time being. There has been little criticism of procedural delay and technicality in the use of these writs." M. Lugar and L. Silverstein, *West Virginia Rules of Civil Procedure* 530 (1960).

Rule 81(a)(5) was amended in 1969 to make Rules 5(b), 5(e) and 80 applicable to extraordinary proceedings. 152 W.Va. VIII–X. *See* syl. pt. 1, *State ex rel. Withers v. Board of Education,* 153 W.Va. 867, 172 S.E.2d 796 (1970). Rule 5(b) concerns service of pleadings and other papers after the original pleading. Rule 5(e) concerns filing of all pleadings and other papers. Rule 80 concerns transcripts of proceedings.

tion of proceedings in mandamus. *W.Va. Const.* art. VIII, §§ 3, 6. The procedure in mandamus proceedings is set forth generally in *W.Va.Code*, 53–1–2 to –8, 53–1–10 to –12, as amended. According to *W.Va. R.Civ.P.* 81(a)(5), *see supra* note 4, the Rules of Civil Procedure, with three exceptions, do not apply to extraordinary proceedings, including mandamus proceedings. *See also Wilson v. County Court*, 150 W.Va. 544, 549, 148 S.E.2d 353, 356 (1966); *Duncan v. Tucker County Board of Education*, 149 W.Va. 285, 288, 140 S.E.2d 613, 615 (1965); *Manypenny v. Graham*, 149 W.Va. 56, 65, 138 S.E.2d 724, 730 (1964); *Delardas v. Morgantown Water Commission*, 148 W.Va. 318, 323, 134 S.E.2d 889, 891 (1964); *State ex rel. Smith v. Bosworth*, 145 W.Va. 753, 762, 764, 117 S.E.2d 610, 616, 617 (1960). Therefore, the procedure in effect before the adoption of the Rules of Civil Procedure in 1960 is applicable to extraordinary proceedings such as mandamus proceedings. *Delardas v. Morgantown Water Commission*, 148 W.Va. 318, 323, 134 S.E.2d 889, 891 (1964).

Prior to the Rules of Civil Procedure, there were traditional procedural rules, with statutory modifications, for the various forms of common-law actions, as well as distinctive procedural rules for proceedings in equity. *See generally* M. Lugar and L. Silverstein, *West Virginia Rules of Civil Procedure* 1–3, 28–29 (1960). Mandamus is an extraordinary remedy and "is classed as a law action," *Gardner v. Bailey*, 128 W.Va. 331, 336, 36 S.E.2d 215, 218 (1945), and for most procedural purposes is viewed as "on the law [as opposed to equity] side of the court[.]" *State ex rel. Waller Chemicals, Inc. v. McNutt*, 152 W.Va. 186, 192, 160 S.E.2d 170, 175 (1968). *See*

*also State ex rel. Emery v. Rodgers*, 138 W.Va. 562, 566, 76 S.E.2d 690, 693 (1953).

■ A statute in effect prior to the Rules of Civil Procedure and which still applies to a mandamus proceeding is *W.Va. Code*, 57–4–1 [1931]. In relevant part it provides: "In *any* pending *case* the deposition of a witness, whether a party to the suit or not, *may*, without commission [for the officer], be taken in or out of this State[.]" (emphasis added)[5] The language in this statute, "any pending case," is certainly broad enough to apply to extraordinary proceedings.

Under this statute depositions are authorized or permitted to be taken.[6] The statute does not limit the right to *take* depositions to any specific circumstances. On the other hand, the use of the word "may" indicates that the legislative intent was to confer discretion upon a trial court to control the right to take depositions. We believe this judicial control is clearly implicit in the statute due to two factors. First, while the right to take and to use depositions at trial in what were equity proceedings has long been recognized, the right to take a deposition without the consent of the person to be deposed was virtually unknown in what were common-law actions. Therefore, as a second factor justifying judicial control, the right to take depositions in an action not covered by the Rules of Civil Procedure can be conferred only by statute, and such a statute, being in derogation of the common law, must be strictly followed. *Setliff v. Commonwealth*, 162 Va. 805, 811, 173 S.E. 517, 519 (1934); 26A C.J.S. *Depositions* §§ 3.a., 4.a., 4.b. (1956). It follows that an *absolute* right to take a deposition in an action not covered by the Rules of Civil Procedure does not

---

**5.** The remainder of this statute covers the mechanics of taking and certifying depositions.

**6.** Another section, *W.Va.Code*, 57–4–4 [1931], sets forth the circumstances under which a deposition may be *read at trial* in a "case at law." In comparison, *W.Va.Code*, 57–4–3 [1931] places virtually no limitations upon the reading of a deposition at trial of a "suit in equity."

Procedural statutes, such as *W.Va.Code*, 57–4–1, –3 and –4 [1931], are effective only as rules of

court and are subject to modification, suspension or annulment by rules of procedure promulgated by this Court. *State ex rel. Kenamond v. Warmuth*, 179 W.Va. 230, 232, 366 S.E.2d 738, 740 (1988); *Hechler v. Casey*, 175 W.Va. 434, 449–450 n. 14, 333 S.E.2d 799, 815 n. 14 (1985); *Torbett v. Wheeling Dollar Savings & Trust Co.*, 173 W.Va. 210, 214 n. 9, 314 S.E.2d 166, 171 n. 9 (1983); *Perlick & Co. v. Lakeview Creditor's Trustee Committee*, 171 W.Va. 195, 201–202, 298 S.E.2d 228, 235 (1982); *W.Va.Code*, 51–1–4 [1935].

exist unless it is explicitly provided by the statute on depositions, and *W.Va.Code*, 57–4–1 [1931] does not so provide.

■ Guiding the discretion of the trial court as to whether to allow a deposition to be taken in an action not covered by the Rules of Civil Procedure are first, a general principle and second, a specific principle. The general principle is well stated in *City of Buffalo v. Hanna Furnace Corp.*, 305 N.Y. 369, 377, 113 N.E.2d 520, 524 (1953):

> The value of pretrial examination, as an aid to the conduct and disposition of litigation, has been amply demonstrated by experience. There has, particularly in recent years, been a distinct trend, reflected in legislative pronouncement, in court rule and in judicial decision, towards the extension and greater liberalization of the provisions for such examination.

The specific principle guiding the trial court's discretion is that special circumstances exist, authorizing the taking of a deposition in an action not covered by the Rules of Civil Procedure, when the knowledge of a particular matter rests wholly with the person or persons to be deposed, especially when accompanied by the likelihood of hostility or interest. *See, e.g., Courtland v. Brown, Harris, Stevens, Inc.*, 6 A.D.2d 789, 789, 174 N.Y.S.2d 1021, 1022 (1958).

This Court has previously recognized the authority of a trial court to order depositions upon its own motion in a mandamus proceeding. "If, in such a [mandamus] case, questions of fact arise, requiring the taking of evidence, and it is not convenient for the court to hear the same at the bar, the taking of depositions is always in order[.]" *Gardner v. Bailey*, 128 W.Va. 331, 337, 36 S.E.2d 215, 218 (1945). Moreover, the parties to a mandamus proceeding in a circuit court brought pursuant to *W.Va. Code*, 18A–4–8b, as amended, may stipulate

that the evidence will include depositions. *See State ex rel. Oser v. Haskins*, 179 W.Va. 789, 790, 374 S.E.2d 184, 185 (1988).[7]

Trial courts in other jurisdictions have allowed depositions to be taken in mandamus proceedings. *See, e.g., Boardwalk Hotels Corp. v. Conway*, 7 N.J.Misc. 182, 144 A. 921 (Sup.Ct.1929).

■ Turning to the specific context of this matter, we believe that the taking of the depositions of the members of the county board of education and of any other school officials having input into the decision-making process would likely be vital in a mandamus proceeding in a circuit court brought pursuant to *W.Va. Code*, 18A–4–8b, as amended. This is especially true for such a proceeding by a school teacher who is alleged by a county board of education not to have the most seniority and who is therefore not required by *Code*, 18A–4–8b to be given written reasons for nonselection at the time the teacher is not selected for the position in question. The depositions in such a case would likely determine whether the aggrieved teacher can or cannot prove a cause of action.

In syllabus point 1 of *Dillon v. Board of Education*, 177 W.Va. 145, 351 S.E.2d 58 (1986), this Court held that *W.Va.Code*, 18A–4–8b, as amended, requires teacher promotions to be based primarily upon the applicants' qualifications for the job, with seniority having a potential bearing as discussed in that case. In the situation involving the selection of a public school principal, the county superintendent of schools, who makes the recommendation, and the members of the county board of education, who make the selection decision, are the only persons having knowledge of the reasons why the person selected was viewed as being more qualified than the other applicants. With this information, secured by

7. *W.Va.R.App.P.* 14(d) provides for the availability of discovery in an original jurisdiction case in this Court, such as a mandamus proceeding brought initially in this Court:

(d) *Discovery.* In the event that the responsive pleading, affidavits and exhibits raise a genuine issue of material fact, the parties

shall advise the Clerk of the Supreme Court in writing of any proposed schedule for taking and filing depositions, which shall be subject to the approval of the Court. No other or further discovery shall be allowed, except by leave of Court.

deposition before trial, an unsuccessful applicant for the principalship can determine whether he or she can or cannot prove a cause of action, that is, whether there has been a violation of *Dillon.* That information is not otherwise available. The personnel files of the applicants are ordinarily a source for determining the relative seniority of the applicants, but a more qualified applicant is entitled to the position in question even if he or she has less seniority. *Dillon,* 177 W.Va. at 149, 351 S.E.2d at 62.[8]

This mandamus proceeding in this Court was brought after the trial court refused to order depositions to be allowed in a mandamus proceeding in that court. This Court recognizes that discovery orders, involving discretion and being interlocutory in nature, are generally not reviewable in mandamus or prohibition. *State ex rel. Bennett v. Keadle,* 175 W.Va. 505, 508–509, 334 S.E.2d 643, 646 (1985).

◼ Nevertheless, in the present case, according to the undenied allegation in the petition herein, the trial court arrived at its order not allowing the requested discovery on the ground that it did not have the jurisdiction or discretion in a mandamus proceeding to allow depositions. Mandamus lies when, as here, a court or other tribunal, based upon a misapprehension of the law, refused to exercise certain jurisdiction or discretion because the court or other tribunal believed that it did not possess such jurisdiction or discretion. In that situation mandamus lies to compel the court or other tribunal to exercise the jurisdiction or

discretion but does not ordinarily lie to direct the manner in which to exercise discretion. These points were stated in the following manner in syllabus point 1 of *Roberts v. Paull,* 50 W.Va. 528, 40 S.E. 470 (1901):

> The writ of *mandamus* properly lies where the inferior court refuses to take jurisdiction where by law it ought to do so, or where, having obtained jurisdiction in a cause, it refuses to proceed in the due exercise thereof; but it will not lie to correct alleged error occurring in the exercise of its judicial discretion while acting within its jurisdiction.

(emphasis in original) *See also Allen v. State Human Rights Commission,* 174 W.Va. 139, 147, 324 S.E.2d 99, 107 (1984); *State ex rel. Board of Education v. Spillers,* 164 W.Va. 453, 455, 259 S.E.2d 417, 419 (1979); 1 C. Antieau, *The Practice of Extraordinary Remedies* §§ 2:16, 2:18 (1987).

In the present case the writ of mandamus is awarded as moulded to compel the trial court to exercise its sound discretion, consistent with this opinion, with respect to ordering the requested depositions to be allowed.[9]

Writ awarded as moulded.

---

**8.** We are aware of the alternative remedy which was available to the petitioner, namely, the grievance procedure set forth in *W.Va.Code,* 18–29–1 to –9, as amended. The legislature has clearly authorized resort to a mandamus proceeding, *W.Va.Code,* 18A–4–8b [1988] and 18A–4–13 [1969], *see supra* note 2, as well as the grievance procedure.

**9.** This moulding of relief in a mandamus proceeding so as to compel the sound exercise of discretion is well recognized. *See, e.g., State ex rel. Perry v. Miller,* 171 W.Va. 509, 514–516, 300 S.E.2d 622, 628–29 (1983).