386 S.E.2d 640

STATE of West Virginia ex rel. Paul
LAMBERT, Clerk of the Circuit Court
of McDowell County, West Virginia

v.

George M. CORTELLESSI, President,
Jerry K. Horne, Commissioner, and
Robert D. Lewis, Commissioner, of the
County Commission of McDowell
County, West Virginia.

STATE of West Virginia ex rel. Sarah N.
HALL, Prosecuting Attorney of McDo-
well County, West Virginia

v.

George M. CORTELLESSI, President and
Commissioner of the County Commis-
sion of McDowell County, West Virgi-
nia, Jerry K. Horne and Robert D. Lew-
is, Commissioners of the County Com-
mission of McDowell County, West Vir-
ginia.

Robert E. PASLEY, Duly Elected Clerk
of the County Commission of
Wayne County

v.

Pearl E. BOOTH, Don W. Bias and Billy
J. Wellman, as Duly Elected Members
of the County Commission of Wayne
County, and the County Commission of
Wayne County, a Statutory Corpora-
tion.

Nos. 18958, 18907.

Supreme Court of Appeals of
West Virginia.

Nov. 3, 1989.

John F. Cyrus, Lockwood, Egnor, Gardner & Cyrus, Huntington, for Robert E. Pasley, Com'r.

Ben White, II, Princeton, for George M. Cortellessi, Jerry Horne, and Robert Lewis.

Rudolph J. Murensky, II, Murensky and Murensky, Welch, for Paul Lambert, Clerk of Circuit Court, Sarah N. Hall, Pros. Atty.

McHUGH, Justice:

These consolidated appeals raise the issue of when mandamus lies to control a county commission in the exercise of its discretion in fixing the total amount of money to be expended by county officers for staff compensation. By order dated March 24, 1989, this Court summarized our holdings in these appeals to provide prompt guidance to the parties on the budgetary matters involved. We set forth in this opinion in greater detail the reasons for our holdings announced previously, during the 1988–89 fiscal year. Stated succinctly, the rulings of the circuit courts adverse to the county commissions are affirmed, except the ruling in the circuit clerk's case requiring the chief judge of the circuit court to participate in determining the circuit clerk's budgets in the future is reversed, and except the rulings setting the particular amounts of the revised budgets of the circuit clerk and of the prosecuting attorney are reversed and the case involving those two offices is remanded with directions. Upon a petition for rehearing, this Court has decided to modify its March 24, 1989 order with respect to the recovery of reasonable attorneys' fees by the circuit clerk and the county clerk. The Court now holds that the awards of reasonable attorneys' fees are also affirmed.

## I.

### A. *McDowell County—Circuit Clerk*

The Clerk of the Circuit Court of McDowell County ("the circuit clerk") requested $90,203 for compensation for the employees of his office for the fiscal year 1988–89, ending June 30, 1989.[1] The County Com-

---

Robert L. Godbey, Huntington, for Pearl E. Booth, Don W. Bias, and Billy J. Wellman.

1. For purposes of state and federal wage and hour laws, a county commission and an elected county officer, such as the circuit clerk, county clerk, prosecuting attorney, sheriff or assessor, are joint employers of the employees in the respective county offices. *See* syl. pt. 2, *Amoro-*

mission of McDowell County ("the county commission") appropriated $70,722.00 for compensation for the employees of the circuit clerk's office for the 1988–89 fiscal year. This amount was fifteen percent less than the amount ($83,203.00) appropriated for such compensation for the 1987–88 fiscal year and was about thirty-two percent less than the amount ($104,003.00) appropriated for such compensation for the 1986–87 fiscal year. For the fiscal year 1988–89, the county commission reduced the budget appropriations for all elected county officials, other than the county commission, by about fifteen percent of the 1987–88 amounts. The county commission reduced its own budget for staff compensation for 1988–89 by less than one-half of one percent of the 1987–88 amount. These budget reductions were made in the context of substantial reductions in available funds caused by a dwindling tax base in the county over the past several years.[2]

The county commission did not consult with the circuit clerk prior to fixing the budget in order to ascertain the workload and operating needs of the circuit clerk's office. The number of case filings for the first six months of the calendar year 1988 was greater than the filings for the first six months of calendar years 1986 and 1987. The circuit clerk's staff consists of six full-time and no part-time employees.

The county commission appropriated funds for the 1988–89 fiscal year for such items as (1) contingent liabilities based upon pending lawsuits ($87,000.00)[3] and (2) solid waste disposal, originally a nonbudget item ($6,000.00).

### B. *McDowell County—Prosecuting Attorney*

The Prosecuting Attorney of McDowell County ("the prosecuting attorney") re-quested $166,000.00 for compensation for the employees of that office for the fiscal year 1988–89, ending June 30, 1989. The county commission appropriated $71,400.00 for compensation for the employees of the prosecuting attorney's office for the 1988–89 fiscal year. This amount was slightly in excess of fifteen percent less than the amount ($84,130.00) appropriated for such compensation for the 1987–88 fiscal year and was about twenty-two percent less than the amount ($91,639.00) appropriated for such compensation for the 1986–87 fiscal year. As stated previously, for the fiscal year 1988–89, the county commission reduced the budget appropriations for all elected county officials, other than the county commission, by about fifteen percent of the 1987–88 amounts. As earlier stated, the county commission reduced its own budget for staff compensation for 1988–89 by less than one-half of one percent of the 1987–88 amount. These budget reductions were made in the context of a depressed economy in the county during the past several years.

The county commission did not consult with the prosecuting attorney prior to fixing the budget in order to ascertain the workload and operating needs of the prosecuting attorney's office. The workload and duties of that office for the year in question have been greater than for the corresponding part of the preceding year. The prosecuting attorney's staff usually consists of at least two "part-time" assistant prosecutors—attorneys who are permitted to engage also in the private practice of law—and three legal secretaries.

As stated in the discussion of the circuit clerk's office, the county commission appro-

---

so v. *Marion County Commission,* 172 W.Va. 342, 305 S.E.2d 299 (1983); *Fury v. County Court,* 608 F.Supp. 198, 199 (S.D.W.Va.1985).

**2.** Since 1984, the funds available to the county commission have decreased in approximate amounts from $3,000,000 to $2,000,000 per year. In light of these declining revenues, the county commission has reduced its own budget by about forty percent since 1984, while the budgets of the circuit clerk and the prosecuting attorney have been reduced by about twenty-seven percent and thirteen percent, respectively, since 1984.

**3.** Under *W.Va.Code,* 7-5-9 [1931], a county commission shall issue an order on the treasury to satisfy any judgment against the county. To compel payment of the same, a person entitled to the money due may petition for a writ of mandamus commanding the county commission to provide for the payment of such money, interest and costs out of the next county levy.

priated funds for the fiscal year 1988–89 for items other than the operation of the county offices required by the State *Constitution*, such as for contingent liabilities based upon pending lawsuits against the county.

### C. *Wayne County—Clerk of County Commission*

The Clerk of the County Commission of Wayne County ("the county clerk") requested $92,976.00 for compensation for the employees of his office for the fiscal year 1988–89, ending June 30, 1989, the same amount as appropriated for 1987–88. The County Commission of Wayne County ("the county commission") appropriated $87,576.00 for compensation for the employees of the county clerk's office for the 1988–89 fiscal year. The $5,400.00 difference between the amount requested by the county clerk, which was the same amount as appropriated for 1987–88, and the amount appropriated by the county commission for 1988–89 represents the difference between the salary ($15,000.00) of a retired employee, the senior deputy clerk with twenty-three years of experience, and the salary ($9,600.00) of the specific employee hired, at "entry level" salary, to perform some, but not all, of the retired employee's duties. The remainder of the retired employee's duties were reassigned to and performed by other employees in the county clerk's office, with an adjustment by the county clerk increasing the total salaries of those employees by the $5,400.00 amount.

The $5,400.00 reduction from the preceding year's budget amount was not part of any across-the-board reduction of all budget requests submitted by the county's constitutional officers; the county commission did not cut the budget request of any of the other such officers because the county commission, based upon recent experience, was expecting a revenue surplus over current expenses. There has been no shortage of funds available to the county commission during the year in question.

The county commission did not consult with the county clerk prior to fixing the budget in order to ascertain the workload and operating needs of the county clerk's office. The workload of that office has been greater during the year in question than during the corresponding part of the preceding year.

### D. *Trial Court Rulings*

In the mandamus proceeding involving the circuit clerk's office, the Circuit Court of McDowell County concluded that the county commission in fixing the budget for the circuit clerk's office for the 1988–89 fiscal year had acted in an arbitrary and capricious manner, for, *inter alia,* the county commission had not consulted with the circuit clerk as to his office staff compensation needs. The circuit court also concluded that the amount appropriated for the circuit clerk's staff compensation was wholly inadequate for the performance of duties. The relief granted was to restore the budget to the 1987–88 amount, thereby annulling the fifteen percent reduction. Reasonable attorney's fees totalling $4,890.00 were also awarded.

In the mandamus proceeding involving the prosecuting attorney's office, the Circuit Court of McDowell County concluded that the county commission in fixing the budget for the prosecuting attorney's office had acted (1) arbitrarily and capriciously in failing to ascertain the operating needs of that office and had acted (2) under a misapprehension of law that the county commission has full discretion, without restraints, in fixing the budgets of the county officers, when that discretion is circumscribed by the duty to fund adequately the county's constitutionally required offices, considering the work required. The circuit court also concluded that the county commission had not adequately funded the prosecuting attorney's office in light of that officer's duties. The relief granted was to annul the approximately fifteen percent budget reduction. The county commission's elimination of the salary for an unnecessary investigator was affirmed, and the prosecuting attorney does not challenge that ruling here. The prosecuting attorney, who had brought the case *pro se,* did not request an award of reasonable attorney's fees.

In the mandamus proceeding involving the county clerk, the Circuit Court of Wayne County concluded that the county commission in fixing the budget for the county clerk's office had acted arbitrarily and capriciously by not engaging in any discussion with the county clerk about his budget request so as to ascertain the effect of the contemplated $5,400.00 reduction upon the ability of the county clerk's office to perform the functions thereof. The Circuit Court of Wayne County determined that the $5,400.00 reduction "was a thinly veiled attempt to control individual salaries within" the county clerk's office, especially in light of the fact that the budget requests of the other county officials were not reduced and in light of the fact that there was no shortage of funds. The circuit court also determined that the amount appropriated by the county commission would severely affect the ability of the county clerk to operate his office. The relief granted was an order directing the county commission to meet within ten working days to "reconsider the budget in such a manner that the office of the clerk of the Wayne County Commission is adequately and reasonably funded as herein stated for the remainder of the fiscal year 1988–1989." Reasonable attorney's fees, in an amount to be determined after a subsequent hearing on the same, were awarded.

## II.

The *Constitution of West Virginia* requires the operation of certain county offices, including those of the county officers involved herein, that is, the clerk of the circuit court, the prosecuting attorney and the clerk of the county commission. *See*, respectively, *W. Va. Const.* art. VIII, § 9; art. IX, § 1; art. IX, § 12. Under *W. Va. Const.* art. IX, § 6, the legislature may provide by general laws for the appointment of county officers' deputies and assistants. Under *W. Va. Const.* art. IX, § 11, county commissions "shall ..., under such regulations as may be prescribed by law, have the superintendence and administration of the ... fiscal affairs of their counties[.]"

Pursuant to *W. Va. Const.* art. IX, §§ 6 and 11, the legislature has provided, in *W. Va. Code*, 7–7–7 [1982], for the appointment and compensation of county officers' deputies and assistants.[4] Under *W. Va. Code*, 7–7–7 [1982], each of the named county officers, not the county commission, has the authority to fix the compensation of each deputy, assistant or employee in the particular county office. The county commission, on the other hand, has the authority under that statute to determine the aggregate sum to be expended on staff compensation in each of the named county

4. The relevant portions of *W. Va. Code*, 7–7–7 [1982] are as follows:

The county clerk, circuit clerk, joint clerk of the county commission and circuit court, if any, sheriff, county assessor and prosecuting attorney, by and with the advice and consent of the county commission, may appoint and employ, to assist them in the discharge of their official duties for and during their respective terms of office, assistants, deputies and employees....

The county clerk, circuit clerk, joint clerk of the county commission and circuit court, if any, sheriff, county assessor and prosecuting attorney shall, prior to March second of each year, file with the county commission a detailed request for appropriations for anticipated or expected expenditures for their respective offices, including the compensation for their assistants, deputies and employees, for the ensuing fiscal year.

....

The county commission shall, prior to March twenty-ninth of each year by order fix the total amount of money to be expended by the county for the ensuing fiscal year, which amount shall include the compensation of county assistants, deputies and employees. Each county commission shall enter its order upon its county commission record.

The county clerk, circuit clerk, joint clerk of the county commission and circuit court, if any, sheriff, county assessor and prosecuting attorney shall then fix the compensation of their assistants, deputies and employees based on the total amount of money designated for expenditure by their respective offices by the county commission and the amount so expended shall not exceed the total expenditure designated by the county commission for each office.

The county officials, in fixing the individual compensation of their assistants, deputies and employees and *the county commission in fixing the total amount of money to be expended by the county, shall give due consideration to the duties, responsibilities and work required of the assistants, deputies and employees* and their compensation shall be reasonable and proper. (emphasis added)

offices. If the county commission believes that the aggregate sum for staff compensation requested by a county officer is excessive, the county commission may refuse to approve the budget request as a whole and may set a different overall limit to be spent for staff compensation. In that event the county officer would be obligated to reduce the number of deputies, assistants or employees or to reduce the individual compensation of one or more of them. Once the aggregate sum for a county officer's staff compensation is appropriated by the county commission, the manner in which the appropriated funds are distributed or allocated among the staff is, unless affected by any applicable civil service laws, entirely within the discretion of the named county official, so long as the aggregate amount approved by the county commission is not exceeded. *See State ex rel. Cooke v. Jarrell,* 154 W.Va. 542, 545–46, 177 S.E.2d 214, 216–17 (1970). *See also* syl., *State ex rel. Cabell County Deputy Sheriff's Association v. Dunfee,* 163 W.Va. 539, 258 S.E.2d 117 (1979).

The leading case in this area is *State ex rel. Canterbury v. County Court,* 151 W.Va. 1013, 158 S.E.2d 151 (1967), involving the County Clerk of Wayne County. In syllabus point 2 of *Canterbury* the Court stated the key holding:

> In the absence of arbitrary action on the part of a county court [now, county commission] in the exercise of its discretion as to the sum to be allotted to the office of the county clerk for the compensation of deputies and assistants for the ensuing fiscal year, in accordance with the provisions of Code, 7–7–7, as amended, mandamus will not lie.

In *Canterbury* the trial court had expressly found that the county court (now, county commission) had not, under the circumstances, acted in an arbitrary manner in fixing the aggregate sum for staff compensation for the county clerk's office in an amount considerably less than the amount requested by the county clerk. The county clerk had requested the same amount as appropriated for the preceding fiscal year. The county had incurred a substantial deficit at the close of the preceding fiscal year. The county court (commission) in fixing the budget for the county clerk's office in *Canterbury* relied upon evidence of the budgets of the county clerks in counties having populations comparable to the county in question therein. On appeal, there was no challenge to the conclusion that there had been no arbitrary conduct by the county court (commission). Instead, there was reliance upon the trial court's conclusion that insufficient money had been appropriated for the efficient conduct of the county clerk's office.

The trial court in *Canterbury* had awarded a writ of mandamus directing the county court (commission) to reconvene and to appropriate a sufficient sum for the efficient operation of the county clerk's office for the fiscal year in controversy in that case. This Court reversed. It was held that, in the absence of arbitrary action, the administrative function of the county court (commission) of fixing the total amount of the county officer's budget was not controllable by mandamus, as such function involves the exercise of discretion and mandamus does not lie to compel the exercise of discretion in a particular manner. *See also* syl. pt. 5, *Staton v. Hrko,* 180 W.Va. 654, 379 S.E.2d 159 (1989). In addition, the Court concluded that courts, being within the judicial branch of government, are precluded by the separation of powers clause of the State *Constitution* from exercising administrative duties relating to the executive branch of government.[5]

The Court in *Canterbury* did, however, observe that the powers of what is now called a county commission under *W.Va. Code,* 7–7–7, as amended, are not unlimited. Arbitrary or capricious conduct by a county commission in fixing a county officer's budget would not be condoned. *See* syl. pt. 2, quoted previously, and 151 W.Va. at 1019, 158 S.E.2d at 156. By requiring the county officer's staff compensation to

---

**5.** *W.Va. Const.* art. V, § 1 is often called the separation of powers clause. It states in relevant part: "The legislative, executive and judicial departments shall be separate and distinct, so that neither shall exercise the powers properly belonging to either of the others[.]"

be "reasonable and proper" in consideration of "the duties, responsibilities and work required of the assistants, deputies and employees," *W.Va.Code*, 7–7–7 [1982], *see supra* note 4, sets a minimum standard, the clearly proved violation of which would constitute arbitrary or capricious conduct: "[S]uch [statutory] language requires the county [commission] to provide such funds as will permit the [county] official ... to properly carry out the statutory duties of his [or her] office." *Canterbury*, 151 W.Va. at 1020, 158 S.E.2d at 156–57. *Cf.* syl. pt. 2, *Kenny v. County Court*, 124 W.Va. 519, 21 S.E.2d 385 (1942) (expenditures by county commission necessary to administer constitutionally required functions of county government are mandatory and take precedence over other matters);[6] syl. pt. 2, *State ex rel. Ginsberg v. Naum*, 173 W.Va. 510, 318 S.E.2d 454 (1984) (county commission has fiscal responsibility to provide prosecuting attorney with sufficient staff for duties of office).

To comply with its duty under *W.Va. Code*, 7–7–7 [1982] of providing "reasonable and proper" compensation to the staff of the county officers, a county commission is required by that statute to "give due consideration to the duties, responsibilities and work required of the assistants, deputies and employees[.]" To give such consideration, a county commission obviously must be *informed* of the workload and operating needs of each county officer by consulting with each county officer as to those needs prior to fixing the budget for each county officer. It is "arbitrary action" on the part of a county commission, within the meaning of syllabus point 2 of *Canterbury v. County Court*, 151 W.Va. 1013, 158 S.E.2d 151 (1967), quoted above, for a county commission to fix the overall budget of a county officer without having consulted with the county officer as to the workload and operating needs of that officer.

■ Accordingly, this Court holds that mandamus lies to compel a county commission to "give due consideration to the duties, responsibilities and work required of the assistants, deputies and employees" of a county officer, as required by *W.Va. Code*, 7–7–7, as amended, where the county commission has arbitrarily fixed the overall budget of a county officer without having consulted with the county officer as to the amount of funds which is "reasonable and proper" for the performance of the statutory duties of his or her office.

This holding is a specific application of the general principle "that while a court ordinarily will not interfere with the action of an officer or board clothed with discretion, it will do so where there is a clear showing of fraud, collusion or *palpable abuse of such discretion* [.]" *State ex rel. Printing–Litho, Inc. v. Wilson*, 147 W.Va. 415, 422, 128 S.E.2d 449, 453 (1962) (emphasis added). *See also* syl. pt. 2, *Bane v. Board of Education*, 178 W.Va. 749, 364 S.E.2d 540 (1987). Another formulation of this rule is that mandamus lies to control the exercise of discretion when there is a showing of " '*caprice*, passion, partiality, fraud, *arbitrary conduct*, some ulterior motive, or *misapprehension of law* [.]' " *Allen v. State Human Rights Commis-*

---

**6.** The Court in *Kenny* outlined some of the functions of county government which must be given priority in funding over matters not required by the State *Constitution:*

[T]he preservation and administration of constitutional government ... is necessary for the protection of citizens of all classes, and is of paramount importance. We cannot have constitutional government in the counties without [commissions or similar bodies] for the control of their fiscal affairs; taxes must be collected, and therefore, we must have assessors and sheriffs; law and order must be preserved, and crime suppressed, therefore, we must have courts, not only to try persons accused of crime, but settle disputes of a civil nature which arise between citizens, and such courts must have clerical assistance; juries must be summoned and paid; we must have officers to apprehend and prosecute alleged criminals; jails must be built and maintained, and prisoners fed; and elections must be held for the selection of officials, county, state and national.

124 W.Va. at 529–30, 21 S.E.2d at 390.

After consultation with the county officers in question, the respective county commissions here, in reconsidering the county officers' budgets, may not act arbitrarily by providing clearly inadequate funds for the performance of the statutory duties of the county officers.

*sion,* 174 W.Va. 139, 147, 324 S.E.2d 99, 107 (1984) (emphasis added) *quoting Bailey v. Truby,* 174 W.Va. 8, 13, 321 S.E.2d 302, 307 (1984)). *See also* syl. pt. 5, *Staton v. Hrko,* 180 W.Va. 654, 379 S.E.2d 159 (1989) (misapprehension of law).

Our holding applies to each of the three cases involved herein because the respective county commissions failed to consult with the circuit clerk, the prosecuting attorney and the county clerk as to their respective workloads and operating needs prior to fixing their respective budgets.[7]

### III.

The relief granted by the Circuit Court of McDowell County with respect to the circuit clerk's office and with respect to the prosecuting attorney's office was to restore the budgets of those two county officers to the level of the preceding fiscal year, thereby annulling the approximately fifteen percent reduction from that level fixed by the county commission. We hold that this specific relief was not proper.

While the Circuit Court of McDowell County correctly held that mandamus lies when a county commission acts arbitrarily in fixing a county officer's budget without having consulted with such officer as to his or her office's workload and operating needs, the relief mandated in such a case should be to compel the county commission to consult with the county officer as to such needs and to compel the county commission to thereafter reconvene and to consider revising the county officer's budget for the remainder of the fiscal year, taking

those needs into account. The proper relief was granted, for example, by the Circuit Court of Wayne County in the case herein involving the county clerk: the county commission was ordered to reconsider the budget in such a manner that the county clerk's office would be adequately and reasonably funded for the remainder of the fiscal year.

The county commission, not a court, has the authority to fix the amount of the revised budget for a county officer, for that is an administrative function *relating to a county office,* and *W.Va. Const.* art. IX, § 11 confers upon the county commission the power to administer the fiscal affairs of the county. "[T]o substitute the judgment of the circuit court for that of the county court [now, county commission] in its administration of the fiscal affairs of the county accorded by Article VIII, Section 24," now, *W.Va. Const.* art. IX, § 11, would be unconstitutional. *County Court v. Painter,* 123 W.Va. 415, 419, 15 S.E.2d 396, 399 (1941).[8]

The case of *State ex rel. Buxton v. O'Brien,* 97 W.Va. 343, 125 S.E. 154 (1924), gives another reason why a court in a mandamus proceeding should not fix an amount for a county officer's staff compensation. In *Buxton,* the predecessor to *W.Va. Code,* 7-7-7 [1982], required the county court (now, county commission) and the circuit court judge to meet and to concurrently fix the amount to be expended for the office of the clerk of the circuit

---

7. Due to our holding on this point, we do not decide the question of whether the County Commission of Wayne County improperly fixed the compensation of a particular employee, as opposed to fixing only the aggregate sum for staff compensation.

8. The cases of *State ex rel. Canterbury v. County Court,* 151 W.Va. 1013, 1018, 158 S.E.2d 151, 155–56 (1967) (county clerk's staff), *State ex rel. Richardson v. County Court,* 138 W.Va. 885, 898, 78 S.E.2d 569, 577 (1953) (domestic relations court staff), and *County Court v. Painter,* 123 W.Va. 415, 419, 15 S.E.2d 396, 399 (1941) (circuit clerk's staff), were premised upon a holding that the fixing of salaries is an administrative, not a judicial, function and upon a holding that the separation of powers clause, *W.Va. Const.*

art. V, § 1, precludes the judiciary from performing nonjudicial functions conferred by statute. Under the Judicial Reorganization Amendment to the State *Constitution,* ratified on November 5, 1974, the judiciary was, however, granted certain administrative powers, including the power of this Court to prescribe the compensation of officers and employees of the Court. *See W.Va. Const.* art. VIII, § 3. We therefore believe the focus now is properly upon the fact that *W.Va. Const.* art. IX, § 11 authorizes the county commission, not a court, to administer the fiscal affairs of the county, rather than upon a determination that the fixing of salaries is an administrative, not a judicial, function.

court for deputies and assistants.[9] The county court (commission) and the circuit court judge met but could not agree as to the amount to be fixed for the circuit clerk's staff compensation; the county court (commission) believed to be reasonable an amount substantially less than the amount the circuit court judge believed to be reasonable. The Court stated and answered the issue: "[T]he only question as we now see it is, can this court by mandamus compel them to agree? We think not." *Id.* 97 W.Va. at 349, 125 S.E. at 156.

■ The *Buxton* Court's discussion of this point contains the following: "[W]hile mandamus will lie to compel them [the county court (commission) and the circuit court judge] to ... meet [as required by the statute at the time], yet it will not lie to compel them to act in any particular manner or fix any particular sum." *Id.* 97 W.Va. at 349, 125 S.E. at 157. Syllabus point 1 of *Buxton* summarizes the holding in general language: "Mandamus is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made." Accordingly, the Circuit Court of McDowell County erred in fixing the amount of the revised budgets of the circuit clerk and prosecuting attorney.

## IV.

In the present case the Circuit Court of McDowell County ruled that all future budget requests of the circuit clerk were to be presented to the chief judge of the circuit court for his or her inspection and approval; that court also ruled that in the future there must be consultation between the chief judge and the circuit clerk to enable the chief judge to determine the amount of the circuit clerk's budget. We disagree with this ruling, insofar as it requires a circuit court or the chief judge thereof to determine the circuit clerk's budget each year without a judicial proceeding having been brought establishing that the county commission has budgeted a clearly inadequate sum for the performance of the statutory duties of the circuit clerk's office. *See supra* note 6.

The circuit court based its ruling upon this Court's language in syllabus point 2 of *Rutledge v. Workman,* 175 W.Va. 375, 332 S.E.2d 831 (1985), that the circuit clerk is "an officer within the judicial system," subject to the local administrative authority of the circuit court or the chief judge thereof.[10] The circuit court, citing *Rutledge* and cases cited therein, recognized that the judiciary has the inherent power to determine what funds are necessary for its efficient operation. Finally, the circuit court concluded that it would be a violation of the separation of powers clause, *W.Va. Const.* art. V, § 1, *see supra* note 5, for the county commission, being a part of the executive branch of government, to have absolute power to set the budget of the circuit clerk, a part of the judicial branch of government.

Our disagreement with the circuit court on this point is based in part upon our belief that the circuit court gave a too expansive application to *Rutledge v. Workman.* As this Court observed in *Feltz v. Crabtree,* 179 W.Va. 524, 525, 370 S.E.2d 619, 620 (1988), "[t]he actual issue in that

---

**9.** There was no discussion in the opinion in *Buxton* as to the validity of the then effective statute insofar as it required the circuit court judge to participate in fixing the circuit clerk's budget, while the pertinent State *Constitution* provision, now designated as *W.Va. Const.* art. IX, § 11, grants to the county commission the authority to administer the fiscal affairs of the county.

**10.** Syllabus point 2 of *Rutledge v. Workman,* 175 W.Va. 375, 332 S.E.2d 831 (1985), states in its entirety:

The judicial article (Article VIII) of the *W.Va. Const.* creates the office of clerk of the circuit court and the circuit clerk is an officer within the judicial system; therefore, the hierarchy of administrative control established by *W.Va. Const.* art. VIII § 3 that reposes overall administrative authority for the entire judicial system in the Supreme Court of Appeals by and through its Chief Justice and Administrative Director, and thereafter reposes local administrative authority in the circuit court through the judge or chief judge of each circuit also controls the office of circuit clerk with regard to the clerk's judicial functions.

case [*Rutledge v. Workman*] was whether the clerk of a circuit court must follow an order issued by the chief circuit judge."[11] The issue in *Rutledge v. Workman* was not who had the authority to fix or to control the circuit clerk's budget.

■ Another reason for our disagreement with the circuit court on this point is that the county commission is expressly granted the power to administer the fiscal affairs of the county by *W. Va. Const.* art. IX, § 11, quoted in the first paragraph of section II. of this opinion, and pursuant thereto, the legislature, in *W. Va. Code,* 7–7–7, as amended, has included the circuit clerk as a county officer whose budget is fixed by the county commission. Therefore, regardless of the circuit clerk's status as half judicial officer, half county official, as stated in *Rutledge v. Workman,* 175 W.Va. 375, 379, 332 S.E.2d 831, 835 (1985), there is no separation of powers violation, for the State *Constitution* itself is the source of the county commission's authority to fix the circuit clerk's budget. This situation is very analogous to the situation where the legislature, by virtue of a provision of the State *Constitution,* namely, *W. Va. Const.* art. VIII, § 7, fixes the salaries of justices, judges and magistrates, without offending the separation of powers clause.

For these reasons we reverse the ruling of the Circuit Court of McDowell County requiring the chief judge of the circuit court to determine the circuit clerk's budgets in the future.

### V.

In the case herein involving the county clerk, the Circuit Court of Wayne County ruled that laches was not available as a defense because, *inter alia,* the county commission had sustained no harm from the county clerk's "delay" of about sixty-five days in bringing the mandamus proceeding, pending attempts to resolve the

matter, in light of the surplus financial condition of the county. We affirm this ruling.

■ This Court recently discussed the doctrine of laches in the context of the public's fiscal affairs. In such a context we emphasized, in *Maynard v. Board of Education,* 178 W.Va. 53, 357 S.E.2d 246 (1987), the necessity of diligence where to afford relief would cause substantial prejudice to the public's fiscal integrity. *Id.* 178 W.Va. at 61, 357 S.E.2d at 255. Therefore, the key in this area, as with laches in general, is a showing of prejudice:

> [T]he controlling element of the equitable defense of laches is prejudice, rather than the amount of time which has elapsed without asserting a known right or claim. 'Delay alone does not constitute laches; it is delay which places another at a disadvantage.' Syl. pt. 3, *Carter v. Carter,* 107 W.Va. 394, 148 S.E. 378 (1929). This Court has consistently emphasized the necessity of a showing that there has been a detrimental change of position in order to prove laches[.]

*Maynard,* 178 W.Va. at 59, 357 S.E.2d at 253.

We agree with the Circuit Court of Wayne County that the county commission of that county failed to show any prejudice from any delay in this case because there are more than sufficient funds to meet the county clerk's budget request. Accordingly, we affirm the circuit court's ruling that laches was not available as a defense to the county clerk's claim.

### VI.

■ The respective circuit courts in the mandamus proceedings below awarded reasonable attorneys' fees to the circuit clerk and to the county clerk, without any discussion. "In mandamus proceedings where a public officer willfully fails to obey the law, [reasonable] attorney fees will be awarded." Syl. pt. 4, *Nelson v. West Virginia*

---

**11.** *Feltz v. Crabtree* involved the question of whether the circuit clerk's office was a "judicial office" within the meaning of state constitutional and ethical provisions requiring a justice, judge or magistrate to resign his or her office upon becoming a candidate for an office other than a "judicial office." This Court, distinguishing *Rutledge v. Workman,* held that the circuit clerk's office was not a "judicial office" for such purpose because the provisions in question referred only to an office held by justices, judges and magistrates.

*Public Employees Insurance Board,* 171 W.Va. 445, 300 S.E.2d 86 (1982). *Accord,* syl. pt. 18, *DePond v. Gainer,* 177 W.Va. 173, 351 S.E.2d 358 (1986); syl. pt. 8, *Meadows v. Lewis,* 172 W.Va. 457, 307 S.E.2d 625 (1983). Similarly, where, as here, a county commission arbitrarily fixes a county officer's budget without complying with the provisions of *W.Va.Code,* 7–7–7, as amended, the county commission is responsible for the county officer's reasonable attorney's fees incurred in a mandamus proceeding to compel compliance with that statute. Otherwise, there would be a definite chilling effect upon a county officer's seeking judicial redress for arbitrary action by a county commission in fixing the county officer's staff compensation, to the detriment of the taxpayers, who, as a result, would likely not receive the competent and efficient performance of the duties of the county office to which they are entitled by law. Accordingly, we affirm the awards of reasonable attorneys' fees in these cases.

Based upon all of the above, this Court summarizes its holdings as follows. In No. 18907, involving the office of the circuit clerk and the office of the prosecuting attorney, the final order of the Circuit Court of McDowell County is affirmed in part and reversed in part and that case involving those two offices is remanded to the circuit court with the following directions. The circuit court is to order the county commission to consult with the circuit clerk and the prosecuting attorney as to their respective workloads and staff compensation needs for the remainder of the 1988–89 fiscal year, in light of the depressed financial conditions of the county and budget cuts from the amounts appropriated for the 1987–88 fiscal year of about fifteen percent for the assessor, sheriff and county clerk. The county commission is thereafter to reconvene and to consider revising the budgets of the circuit clerk and the prosecuting attorney for the remainder of the 1988–89 fiscal year.[12] That part of the final order of the Circuit Court of McDowell

County awarding reasonable attorney's fees to the circuit clerk is affirmed.

In No. 18958, involving the office of the county clerk, the final order of the Circuit Court of Wayne County is affirmed insofar as it directs a remand to the county commission for reconsideration of the county clerk's budget so that the county clerk's office is adequately and reasonably funded for the remainder of the 1988–89 fiscal year. That part of the final order of the Circuit Court of Wayne County awarding reasonable attorney's fees to the county clerk is also affirmed.

The circuit clerk and the county clerk are entitled, upon itemization to this Court, to recover reasonable attorneys' fees incurred in these appellate proceedings before this Court.

---

12. To the extent that the expedited order of this Court, dated March 24, 1989, inadvertently failed to include the circuit clerk's case in the remand, it is modified to so include the circuit clerk's case.