423 S.E.2d 636

**STATE of West Virginia ex rel.
Joan M. COATS, Relator,**

v.

**Robert K. MEANS, Family Law Master
for Cabell County, Respondent.**

No. 21258.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 8, 1992.

Decided Oct. 23, 1992.

R. Joseph Zak, Zak & Associates, Charleston, for relator.

No appearance for respondent.

PER CURIAM:

In this original proceeding in mandamus, the relator, Joan M. Coats, seeks to compel the respondent, Robert K. Means, a family law master, to issue a recommended order in a paternity case. We conclude that the respondent had a mandatory, nondiscretionary duty to issue such recommended order within ten days after the conclusion of the evidence in the hearings below, and we grant the writ of mandamus prayed for.

The facts, as stated in the petition and the exhibits filed with this Court by the relator, are undisputed.[1] In June of 1989, the relator instituted an action in the Circuit Court of Cabell County seeking an order establishing the paternity of her infant daughter and an award of child support from the putative father. The case was assigned to the Honorable L.D. Egnor, Judge of the Circuit Court of Cabell County, who referred it to the respondent family law master for evidentiary development.

It appears that numerous hearings were conducted thereafter before the respondent on the issue of child support. On July 19, 1991, the circuit court entered an order resolving the paternity issue in the relator's favor.

That same day, another hearing was conducted before the respondent to take further evidence relating to the economic circumstances of the parties. At the close of the hearing, the matter was submitted for decision, subject to the filing of certain documents, which were delivered to the respondent on August 7, 1991. Despite repeated requests by the relator's counsel, the respondent has failed to issue a recommended order on the child support issue.

The principal duties of a family law master are to "provide the parties a hearing and make a recommended order[.]" W.Va. Code, 48A–4–1(m) (1990).[2] Resolution of the dispute in this case is controlled by the provisions of W.Va.Code, 48A–4–4(b) (1990), which states that after a hearing in a domestic relations case, the family law master "*shall recommend an order* and findings of fact and conclusions of law to the circuit court *within ten days following the close of the evidence.*"[3] (Emphasis added).

■ In Syllabus Point 2 of *Peyton v. City Council*, 182 W.Va. 297, 387 S.E.2d 532 (1989), we stated the well established principle of statutory construction in this regard:

" ' "The word 'shall' in the absence of language in the statute showing a contrary intent on the part of the legislature, should be afforded a mandatory connotation." Syl. pt. 2, *Terry v. Sencindiver*, 153 W.Va. 651, 171 S.E.2d 480 (1969).' Syllabus Point 5, *Rogers v. Hechler*, [176 W.Va. 713], 348 S.E.2d 299 (1986)."

Thus, it appears that the requirements of W.Va.Code, 48A–4–4(b), are mandatory rather than directory. Recently, in *State ex rel. Dillon v. Egnor*, 188 W.Va. 221, 423 S.E.2d 624, we addressed this issue and concluded in Syllabus Point 2:

"Pursuant to W.Va.Code, 48A–4–4(b) (1990), a family law master is required to submit a recommended order to the circuit court within ten days following the close of evidence."

■ In Syllabus Point 3 of *Delardas v. County Court*, 155 W.Va. 776, 186 S.E.2d 847 (1972), we stated:

"Mandamus is a proper proceeding by which to compel a public officer to per-

---

1. The respondent made no appearance in this proceeding and filed no response or brief with this Court.

2. W.Va.Code, 48A–4–1(m) (1990), provides:
   "The master shall give all interested parties opportunity for the submission and consideration of facts, arguments, offers of settlement or proposals of adjustment when time, the nature of the proceedings and the public interest permit. To the extent that the parties are unable to settle or compromise a controversy by consent, the master shall provide the parties a hearing and make a recommended order in accordance with the provisions of sections two and four [§§ 48A–4–2 and 48A–4–4] of this article."

The 1992 amendments to the statute did not alter this provision. *See* W.Va.Code, 48A–4–1 (1992).

3. W.Va.Code, 48A–4–4(b), states:
   "A master who has presided at the hearing pursuant to section two of this article shall recommend an order and findings of fact and conclusions of law to the circuit court within ten days following the close of the evidence. Before the recommended order is made, the master may, in his discretion, require the parties to submit proposed findings and conclusions and the supporting reasons therefor."

form a mandatory, nondiscretionary legal duty."

*Accord Dadisman v. Moore,* 181 W.Va. 779, 384 S.E.2d 816 (1988); *State ex rel. Greenbrier County Airport Auth. v. Hanna,* 151 W.Va. 479, 153 S.E.2d 284 (1967). Obviously, a writ of mandamus does not lie to control the family law master's discretion to determine what recommendation is appropriate in a given case. As we stated in Syllabus Point 2 of *State ex rel. Lambert v. Cortellessi,* 182 W.Va. 142, 386 S.E.2d 640 (1989):

> "'Mandamus is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made.' Syl. pt. 1, *State ex rel. Buxton v. O'Brien,* 97 W.Va. 343, 125 S.E. 154 (1924)."

For the reasons stated above, we conclude that W.Va.Code, 48A–4–4(b), imposes a mandatory nondiscretionary duty upon the family law master to submit a recommended order to the circuit court within ten days after the close of the evidence in a domestic relations case. Because it has been over a year since the close of the evidence in the relator's case, it is clear that the respondent has failed to perform his duty under the statute. Consequently, mandamus is proper in this case.

Accordingly, we grant the writ of mandamus prayed for and direct the respondent to issue a recommended order in the relator's case within ten days.

Writ granted.