441 S.E.2d 662

**STATE of West Virginia ex rel. James KINGSBURY, Paul Westbrook, Nancy Law, Jerry Lilly, Jarry Payne, Pam Wiley, and the West Virginia State Employees Union, Relators,**

**v.**

**Honorable Gaston CAPERTON, Governor of the State of West Virginia; Robert L. Stephens, Jr., Director of the Division of Personnel; Lowell T. Basford, Assistant Director of the Division of Personnel; State Personnel Board; and John A. Canfield, Reverend Paul J. Gilmer, Sharon Lynch, Roger Morgan and Eugene Stump, Members of Said Board, Respondents.**

No. 22089.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 8, 1994.

Decided Feb. 18, 1994.

James M. Haviland, Crandall, Pyles & Haviland, Charleston, for relators.

Silas Taylor, Senior Deputy Atty. Gen., Charleston, for respondent Honorable Gaston Caperton, Governor of the State of W.Va.

Robert M. Nunley, Senior Asst. Atty. Gen., Charleston, for respondent Div. of Personnel.

**PER CURIAM:**

In this original proceeding in mandamus, the relators are state employees who are affected by the employee classification and pay plan (plan) that was developed by the respondent, the Director of the Division of Personnel and his staff. The claim is made that the plan is being implemented contrary to the mandatory provisions of W.Va.Code, 29–6–10(2) (1992).[1] Also included as respon-

---

1. W.Va.Code, 29–6–10(2), states:

"The board shall have the authority to promulgate, amend or repeal rules, in accordance with chapter twenty-nine-a [§ 29A–1–1 et seq.] of this code, to implement the provisions of this article:

"(2) For a pay plan for all employees in the classified service, after consultation with appointing authorities and the state fiscal officers, and after a public hearing held by the board. Such pay plan shall become effective only after it has been approved by the governor after submission to him by the board. Amendments to the pay plan may be made in the same manner. Each employee shall be paid at one of the rates set forth in the pay plan for the class of position in which he is employed. The principle of equal pay for equal work in the several agencies of the state government shall

dents in this proceeding are the members of the State Personnel Board (Board).

The particular provisions of W.Va.Code, 29-6-10(2), which the relators claim are being violated, are that the Board has not held a public hearing to enable employees to have input on the plan. Nor was there any approval obtained by the governor before the plan was implemented. The relators also contend that the Division of Personnel has been preparing the plan under its memorandum dated November 21, 1991, entitled "STATEWIDE RECLASSIFICATION PROJECT" and subtitled "Pilot Administrative Guidelines," which is contrary to the provisions of W.Va.Code, 29-6-10(2), and certain administrative regulations of the Board.[2]

The relators also claim that the plan originally was implemented in the smaller departments of state government. However, in December, 1992, the plan was extended to the Department of Health and Human Resources (DHHR) and produced about 800 grievances. It also was asserted in the petition that the Department of Highways (DOH) was about to be classified under the plan and this action would produce additional grievances.[3] The relators seek a writ of mandamus to order the "[r]espondents to submit the aspects of the current reclassification plan pertaining to pay as [r]espondents are required to do under *Code* § 29-6-10(2), and, then, following public hearing, submit the matter to the Governor for approval."

At the full argument on this case, the respondents agreed that the Board was planning to hold a public hearing on the plan in the near future.[4] However, of even more significance was the admission by counsel for both parties that as the plan was implemented in each department or division of state government, the pay provisions also were implemented. Numerous employees have received pay raises pursuant to the plan.

■■■■ In paragraph 8 of their petition, the relators state, in part:

"Since about January of 1992 the Division of Personnel has been formulating combined pay classification plans pursuant

be followed in the pay plan as established hereby."

2. The relators cite this portion of 10 W.Va.C.S.R. § 143-1-6.2 (1991) of the Administrative Rules and Regulations of the West Virginia Civil Service System:

"Preparation of plan.—After consultation with the appointing authorities and State fiscal officers and after a public hearing, the Director and the Board shall prepare and submit to the Governor for his approval an annual revision of the pay plan.... Periodic amendments to the pay plan may be made in the same manner."

We agree that this language generally follows the provisions of W.Va.Code, 29-6-10(2). Although not an issue in this case, we note that there appears to be a distinction made in W.Va.Code, 29-6-10, between a classification plan, which does not involve pay changes, and a pay plan. A classification plan under W.Va.Code, 29-6-10(1), does not require a public hearing by the Board or the approval of the governor, whereas a pay plan under W.Va.Code, 29-6-10(2), does require these steps. The plan in this case is both a classification and a pay plan.

3. The precise language used by the relators is contained in note 8 of the petition, which states, in part:

"The process began with some of the smaller arms of state government, Workers Comp, Employment Security and Finance and Adminis-

tration where it attracted less attention. In December 1992, however, the Division of Personnel completed a classification and pay plan for the division of state government with the largest number (about 6000) employees, the Department of Health and Human Resources ('DHHR'). That action precipitated about 800 of the 900 grievances referred to in ¶ 3 above. The same methodology is about to be applied to the Department of Highways, the second largest employer with about 5,500 employees. It is anticipated that many more than the 800 grievances arising from DHHR will result when the new pay and classification plan for DOH is enacted on November 17, as presently scheduled."

4. This acknowledgement was confirmed by letter dated February 8, 1994, to the Clerk of our Court, which states as follows:

"Pursuant to the Court's request for information related to the scheduled public hearing on the Division of Personnel's statewide Pay Plan, the State Personnel Board intends to hold five regional public hearings, with the initial one scheduled for the Charleston area no later than March 17, 1994. Once the Personnel Board confirms the time and place of each of the hearings and which member(s) will be in attendance, I will notify the Court. Advance notification will be provided to the public on a statewide basis."

A copy of the letter was sent to relators' counsel.

to a 'Pilot Administrative Guidelines'. The 'Pilot Guidelines' were not legally promulgated. The Pilot plan, contrary to the Code § 29–6–10(2), does not require a public hearing on pay issues or approval by the Governor of the pay plan." (Footnote omitted).[5]

The petition reflects that the smaller agencies were covered under the plan in 1992, and DHHR, the State's largest agency, came under the Plan in December of 1992. Yet, this petition challenging the plan was not filed in this Court until November 23, 1993. We have established in Syllabus Points 2 and 3 of *State ex rel. Waller Chemicals, Inc. v. McNutt*, 152 W.Va. 186, 160 S.E.2d 170 (1968), that the doctrine of laches applies to a mandamus action and that an unreasonable delay in bringing the action may bar relief:

> "2. The extraordinary remedy of mandamus, though on the law side of the court, is limited as to time by the equitable doctrine of laches; and the burden of showing sufficient excuse for what appears from the record to be an unreasonable delay in the assertion of a clear legal right through the remedy of mandamus rests upon the person asserting such right.

> "3. The writ of mandamus will be refused when the petitioner has unreasonably delayed his application for such writ and by reason of the delay the rights of the defendant or innocent third parties will be prejudiced by the issuance of the writ."

*See also White v. Manchin,* 173 W.Va. 526, 535, 318 S.E.2d 470, 479 (1984); *State ex rel. Musick v. Londeree,* 145 W.Va. 369, 371–72, 115 S.E.2d 96, 98 (1960); Syllabus Point 1, *State ex rel. Kay v. Steinmetz,* 144 W.Va. 802, 111 S.E.2d 27 (1959).

■ In the present case, we conclude that the delay of more than one year in bringing the mandamus is unreasonable and the relators offer no sufficient excuse for the delay. Furthermore, and of more critical importance, the rights of many innocent parties will be prejudiced. These parties are those employees who already have been reclassified and have received pay raises under the plan.

For the foregoing reasons, the writ of mandamus is denied.

Writ denied.

---

5. The West Virginia State Employees Union (WVSEU) is one of the relators, and, according to paragraph 3 of the petition, the WVSEU "is the largest representative of public employees in the State."