468 S.E.2d 343

**Jackson COLOBRO, Plaintiff Below, Appellant,**

v.

**MERCER COUNTY BOARD OF EDUCATION, Defendant Below, Appellee.**

No. 23066.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 10, 1996.

Decided Feb. 15, 1996.

Mary E. Griffith, Bell & Griffith, Princeton, and James McNeely, Greenville, for the Appellant.

Kathryn Reed Bayless, Bayless, McFadden & Cyrus, Princeton, for the Appellee.

PER CURIAM:

This is an appeal by Jackson Colobro from an order of the Circuit Court of Mercer County denying the appellant's petition for mandamus relief in a controversy involving the filling of a vacant teacher position in the Mercer County school system. The circuit court denied relief on the ground that the appellant had unreasonably delayed in filing his application for a writ of mandamus. On appeal, the appellant claims that the circuit court, in effect, denied him relief on the ground of laches and that such a denial was improper since the defendant, named in this action as the Mercer County Board of Education,[1] did not affirmatively plead laches and since the facts of the case showed that there was reasonable justification for his delay in filing. After reviewing the issues raised and the record filed, we disagree with the appellant's assertions. The judgment of the Circuit Court of Mercer County is, therefore, affirmed.

On June 30, 1992, the Mercer County Board of Education terminated the employment of the appellant, Jackson Colobro, as a classroom teacher due to a reduction in force. At the time, W.Va.Code § 18A–4–7a provided that Mr. Colobro was entitled to have his name placed upon a "preferred recall list." The statute also provided that the party in the most senior position on the recall list was entitled to a later posted position, provided such senior person was qualified for the posted position. Specifically, the relevant portion of the Code section stated:

As to any professional position opening within the area where they had previously been employed or to any lateral area for

---

1. The proper name of the defendant is "The Board of Education of the County of Mercer".

W.Va.Code § 18–5–5 (1933).

which they have certification and/or licensure, such employee shall be recalled on the basis of seniority if no regular, full-time professional personnel, or those returning from leaves of absence with greater seniority, are qualified, apply for and accept such position.

In August, 1992, the Mercer County Board of Education notified Mr. Colobro, who was a professional teacher with specializations in health and physical education for grades seven through twelve, of the posting of two positions for which he was qualified. One was at Princeton Junior High School, and the second was at Bluefield Junior High School. Each of the positions was for a girls' physical education teacher, and the postings indicated that the jobs included ". . . responsibility for supervision of girls' locker, dressing and shower rooms."

Mr. Colobro applied for each of these positions. It appears that a male teacher, James Constantino, was the most senior person on the recall list who applied for the position at Princeton Junior High School. Mr. Colobro was the most senior person on the recall list who applied for the position at Bluefield Junior High School. The Board of Education did not hire Mr. Constantino or the appellant, Mr. Colobro, for either of the two physical education openings. Instead, the Board hired a female, Evelyn Gross, for the Princeton Junior High School position, effective November 2, 1992, and another female, Karen Barber, for the Bluefield Junior High School job, effective September 14, 1992.

At the time of the hirings, appellant was prosecuting a grievance arising from his reduction in force termination, a proceeding which was not completed until May, 1993, when the grievance was denied at Level IV, with a finding that reduction in force termination was proper.

On September 7, 1994, approximately two years after the two physical education openings became available, Mr. Colobro filed a petition for a writ of mandamus with the Circuit Court of Mercer County. In that petition, he prayed that he, in effect, be placed in one of the two physical education positions filled by the Board of Education in 1992. He also prayed for back pay and applicable benefits retroactive to the date he was denied the position, court costs and attorney fees.

The Board of Education filed a reply to the petition for mandamus in which it, among other things, denied that Mr. Colobro was qualified for the positions and also denied that he was the most senior applicant for the Princeton Junior High position. It also prayed that, in the event the court granted Mr. Colobro relief, back wages ordered paid to Mr. Colobro be offset by any sums that he had earned during the relevant period.

Following the filing of the pleadings, the parties submitted memoranda to the court in support of their respective positions. In its reply to the petition of mandamus, the Board did not affirmatively plead that Mr. Colobro's petition was untimely filed or that it was barred by laches or any other legal or equitable doctrine. However, in its brief filed after the pleadings were closed, the County Board alleged that Mr. Colobro's claim was barred by laches. The County Board said:

Mr. Colobro filed his petition on September 15, 1994, approximately two years after the BOE [Board of Education] acted to fill the physical education positions at issue. Mr. Colobro knew these positions were vacant and had been posted and admits that he learned of the vacancies in August 1992 when he received from the BOE the notices of the vacancies . . . And yet he took no action to challenge the award of these positions to others until he filed this petition. No doubt, due to his interest in both positions, Mr. Colobro would have known of the BOE's action to fill each position soon after such public notice was taken. He certainly knew he had certain rights under the recall provision of the statute since it was that provision which required the BOE to mail notices of vacancies to him which he has acknowledged receiving. Mr. Colobro has delayed too long the filing of any petition in mandamus to challenge the BOE's action; by reason of that delay, the rights of both the BOE and the teachers selected for these positions will be prejudiced if a writ were to issue.

The County Board also asserted in its brief that Mr. Colobro was not entitled to either of the two physical education positions. It pointed out that Mr. Constantino was more senior on the recall list than Mr. Colobro in regard to the Princeton Junior High position and that Mr. Colobro did not thus have special recall rights with regard to that position. It further argued that the Bluefield Junior High position entailed supervision of girls' locker, dressing, and shower rooms and that being a female was therefore a *bona fide* occupational requirement for the position, a necessary requirement that Mr. Colobro clearly did not meet. Consequently, the Board argued, Mr. Colobro· was not entitled to the position.

On March 6, 1995, after the parties submitted additional documents, the circuit court rendered its decision. The court said:

> The Court, having reviewed all pleadings and briefs filed in this matter and having heard the argument of counsel, does hereby find that the relator, Jackson Colobro, has unreasonably delayed his application for a writ and the Court further finds that there is no reasonable justification for the delay.

> Accordingly, the Court ORDERS that the application for a writ be denied and that this matter be dismissed from the docket of this Court.

On appeal, Mr. Colobro claims that the circuit court erred in dismissing his petition for a writ of mandamus on the basis of laches because the County Board failed to plead laches as an affirmative defense and because his delay in filing for the writ of mandamus was justified and did not cause unreasonable harm to the County Board.

■ In support of his argument that the County Board was precluded from asserting laches and the Circuit Court was therefore precluded from considering the defense, Mr. Colobro points out that Rule 8 of the West Virginia Rules of Civil Procedure requires that the defense of laches be pled affirmatively.[2] As noted, the County Board did not affirmatively plead laches in its response to Mr. Colobro's petition.

This Court believes that Mr. Colobro's argument on this point is without merit, since Rule 8 of the West Virginia Rules of Civil Procedure does not apply to mandamus proceedings. Specifically, under the provisions of Rule 81(a)(5) of the West Virginia Rules of Civil Procedure, Rule 8 does not apply to mandamus proceedings.[3]

Further, in *Staton v. Hrko,* 180 W.Va. 654, 379 S.E.2d 159 (1989), we stated that the procedures in effect before adoption of the Rules of Civil Procedure in 1960 were generally applicable to extraordinary proceedings such as mandamus proceedings. We note that W.Va.Code § 53–1–6, which involves a procedure in mandamus in West Virginia, provides some flexibility by which a respondent in mandamus may reply to a petition. That statute states:

> If the defendant appear and make defense, such defense may be by demurrer, or answer on oath, to the petition, or both, such answer to be subject to demurrer by the petitioner or relator. Reply may be made when proper. The court or judge may permit amendments as in other cases.

The Court is unaware of any rule of law which requires that laches be affirmatively pled in a mandamus proceeding in West Virginia, and counsel for Mr. Colobro has pointed to no authority other than the inapplicable

---

2. Rule 8(c) of the West Virginia Rules of Civil Procedure provides:

   *Affirmative defenses.*—In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly desig-

nated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

3. Rule 81(a)(5) provides:

   Extraordinary Remedies.—Rules 5(b), 5(e) and 80 apply, but the other rules do not apply, to proceedings under the writs of mandamus, prohibition, certiorari, habeas corpus, and quo warranto, and upon an information in the nature of a quo warranto.

Rule 8 of the West Virginia Rules of Civil Procedure. Given these circumstances, this Court cannot conclude that Mr. Colobro has shown that the circuit court committed reversible error in its consideration of laches or the delay question.

■ In *State ex rel. Waller Chemicals, Inc. v. McNutt*, 152 W.Va. 186, 160 S.E.2d 170 (1968), this Court did recognize that unreasonable delay in filing a petition for a writ of mandamus could serve as a basis for the denial of the writ. Specifically, the Court stated, in syllabus point 3 of that case:

> The writ of mandamus will be refused when the petitioner has unreasonably delayed his application for such writ and by reason of the delay the rights of the defendant or innocent third parties will be prejudiced by the issuance of the writ.

See also *White v. Manchin*, 173 W.Va. 526, 318 S.E.2d 470 (1984); *State ex rel. Musick v. Londeree*, 145 W.Va. 369, 115 S.E.2d 96 (1960); *State ex rel. Kay v. Steinmetz*, 144 W.Va. 802, 111 S.E.2d 27 (1959).

■ In the case before us, the record reflects that the actions of the Mercer County Board of Education giving rise to the case occurred in the fall of 1992, specifically, the award of the Bluefield Junior High School position to Karen Barber rather than Mr. Colobro, effective September 14, 1992, and the award of the Princeton Junior High School position to Evelyn Gross rather than Mr. Colobro, effective November 2, 1992. Mr. Colobro did not file his petition for a writ of mandamus until almost two years later, on September 7, 1994.

With respect to the effect of this delay in initiating the mandamus action on the rights of the Mercer County Board of Education and the rights of innocent parties, the County Board of Education said in this action below:

> Given that no timely objection was made by Mr. Colobro, the BOE [Board of Education] certainly had no reason to think, much less believe, that it had committed an error in awarding these positions to others; the fact that it has not budgeted amounts for back pay and benefits will come as no surprise. Furthermore, the reinstatement of Mr. Colobro to a position would necessarily mean the removal of the teacher currently holding that position. Both teachers hired for these positions were on the recall list when they were hired, so the "removed" teacher may very well have passed up other opportunities for recall to other vacancies because she believed, in good faith, that she had been awarded a position and that award was not challenged. And, if Mr. Colobro were to be reinstated and the "removed" teacher were to remain on the payroll for this school year, the BOE would exceed the number of positions allowed by the funding formula, thus causing a further drain on local monies since no state funding would be received for the extra employee.

From the record presented to this Court, it clearly appears that the appellant knew in 1992 that the positions which he sought had been filled by persons other than himself. He was aware then that he had the recall rights under the provisions of W.Va.Code § 18A–4–7a which he seeks to enforce in this action. Nonetheless, he waited almost two years before taking legal action to assert those rights. As suggested by the County Board it appears that innocent individuals, Ms. Gross and Ms. Barber, were hired for the positions in question. Having occupied those positions for almost two years, they doubtless developed expectations of continued employment in the positions. Further, not having been informed that legal action would be taken regarding its filling of the positions, the County Board reasonably did not budget for an additional position for Mr. Colobro. If the circuit court had granted the mandamus relief which Mr. Colobro sought it would have been necessary for the County Board of Education to displace either Ms. Gross or Ms. Barber or to place Mr. Colobro in a new position and provide monies for his back pay. It likely had made no provision in its budget for such eventualities.

In sum, the record suggests that the delay of Mr. Colobro in filing his petition potentially prejudiced the rights of the Board of Education as well as those of one of the individuals who were placed in the positions which Mr. Colobro sought. In *State ex rel.*

*Kingsbury v. Caperton,* 190 W.Va. 699, 441 S.E.2d 662 (1994), we held that a delay by State employees of more than one year in bringing a mandamus action to challenge a classification plan involving certain employment positions was unreasonable where other innocent parties had been affected by the classification plan and where they would be affected by the granting of mandamus.

Under the circumstances of this case, this Court believes that the circuit court reasonably could have concluded, and apparently did conclude, that Mr. Colobro had unreasonably delayed in applying for the writ of mandamus and that his delay potentially affected the rights of the Board of Education and innocent third parties. In effect, the court below found circumstances equivalent to those set forth in syllabus point 3 of *State ex rel. Waller Chemicals, Inc. v. McNutt, supra,* which this Court has found justify the refusal of the issuance of a writ of mandamus.

Lastly, Mr. Colobro argues that there was reasonable justification for his delay in filing his petition for mandamus. In developing this point, Mr. Colobro has been rather inconsistent. First, it does not appear from the record below that Mr. Colobro adduced evidence to support his claim of justification. Secondly, in his brief before this Court, Mr. Colobro argues, in essence, that he was ignorant of the law and that he did not know that he had rights by way of mandamus. He argues that when the Board of Education refused to place him in the Princeton Junior High and Bluefield Junior High positions in 1992, he was prosecuting a grievance over his initial termination from employment and that "[o]n September 24, 1992, at a hearing on the grievance Mr. Colobro filed on the Reduction in Force (RIF) decision of June, 1992, he was told by the Respondent's attorney, Kathryn Bayless, that he had no further rights since he was no longer an employee." In support of his argument in his brief here, Mr. Colobro has submitted an affidavit to this Court from which he argues that he did not appreciate his right to petition for a writ of mandamus. In the affidavit, Mr. Colobro indicates that the remark of Ms. Bayless was not made directly to him, and that he simply overheard it in the course of a conversation between Ms. Bayless and his own attorney. The affidavit states:

3. On September 24, 1992, at my level 4 grievance hearing, during a break in the proceedings, at about 10:30 a.m. in Administrative Law Judge Wright's office, I heard Ms. Kay Bayless, attorney for the Board of Education, and Mr. Don Pitts, my attorney, talking.

4. Mr. Pitts said to Ms. Bayless, "If we don't win this one, Mr. Colobro has 2 or 3 more grievances to file."

5. Ms. Bayless responded to Mr. Pitts, "No, Mr. Colobro is no longer in the system, he can not do anything else."

It appears to this Court that the remarks of Ms. Bayless were made in the context of the grievance procedure, and it appears from the context of the remarks that their meaning was that Mr. Colobro had no further rights under the grievance procedure since the procedure was for employees and he was no longer an employee. There is nothing to suggest that the remarks were made to mislead Mr. Colobro or to dissuade him from pursuing any other legal remedy that he might have. In fact, the remarks were not made directly to Mr. Colobro. Additionally, it appears that Ms. Bayless was representing Mr. Colobro's opponent in the grievance procedure, and it may be inferred from the fact that he continued to prosecute the grievance that he did not wholly rely on her opinion as to the nature of his legal rights. This conclusion is buttressed by the fact that at the time Mr. Colobro apparently had representation in the grievance process and was relying upon that representation in dealing with his employment problems.

The record does show that Mr. Colobro knew that he had, or reasonably should have known that he had, recall rights under W.Va. Code § 18A–4–7a in August or September, 1992, at the time the notices of the Princeton Junior High and Bluefield Junior High openings were sent to him. We are not persuaded that Mr. Colobro had reasonable justification to delay nearly two years in filing his petition for a writ of mandamus. He failed to seek out competent advice on the nature of proper legal procedures for enforcing those recall rights.

■ The Court also believes that Mr. Colobro had an obligation to assert his position on the reasons for the delay when that became an issue before the circuit court. It is axiomatic in this State that:

A question not fairly presented or arising upon the record, though made a point of error in this court, will not be considered or regarded as ground for reversal.

Syllabus point 4, *Morrison v. Smith–Pocahontas Coal Co.*, 88 W.Va. 158, 106 S.E. 448 (1921).

The circuit court properly based its decision on the facts before it. Those facts showed that the appellant knew or should have known in 1992 that he had recall rights. He did not file his mandamus petition until almost two years later. Mr. Colobro has not adduced facts which justify his delay in filing a petition for a writ of mandamus. Further, it appears that certain rights of the County Board of Education and innocent parties would be prejudiced if the court granted the mandamus relief that Mr. Colobro sought.

For the reasons stated, this Court cannot conclude that the circuit court erred in refusing to issue the writ of mandamus which Mr. Colobro sought. The judgment of the Circuit Court of Mercer County is, therefore, affirmed.

Affirmed.